## H. B. Tibbetts

*v.*

## The West and South Towns Street Railway Co.

*Filed at Springfield October 30, 1894.*

1. ORDINANCE—*granting license to lay tracks—validity of.* The fact that the signatures of property owners to a petition to a city to grant a company the right to lay tracks in a street are affixed by agents, whose written authority to sign does not appear, will not render an ordinance in pursuance of the petition void.

2. SAME —*written authority to sign such petition not required.* An agent may sign the name of his principal to a writing without authority in writing; and a court of equity will not, on demurrer, presume that signatures to such a petition were unauthorized, in the absence of averments to that effect in the bill.

3. LICENSE—*coupled with interest in land—such petition is not.* The rule that a license, coupled with an interest in land, must be in writing, has no application, such a petition not granting any such license.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

Appellant filed his bill of complaint, in the circuit court of Cook county, for an injunction against appellee,

restraining appellee from further proceeding to construct, and from maintaining and operating, a line of single or double-track street railway on certain streets in front of his premises in Chicago. The bill alleged, in substance, that complainant was the owner of a lot having a frontage of 100 feet on Lawndale avenue, and of two lots having a frontage of 125 feet on West Twenty-fifth street; that the lot on Lawndale avenue is improved by two frame stores, and the rear of the premises is used by him as a coal yard, the street approach to which is from this avenue, and that the lots on Twenty-fifth street are improved by a two-story frame residence; that appellee is acting as, and claims to be, a corporation under the laws of this State; that on February 8, 1892, the city council of Chicago, on petition of appellee, in pursuance of notice published, and upon a pretended petition of the owners of land fronting on said Lawndale avenue, passed a purported ordinance, which is made "Exhibit A" to the bill; that section 1 of this ordinance granted authority to construct a single or double-track railway on certain streets, including the pretended authority to construct the railway on Lawndale avenue, past appellant's premises, a total distance of a mile and a half; that the council passed said ordinance, giving such permission to the company, without the lawful petitions therefor of the owners of more than one-half of the frontage of each mile and fraction of a mile, as required by paragraph 90 of section 1, article 5, chapter 24, of an act approved April 10, 1872, as amended, (Rev. Stat.) and that at the time aforesaid the council did not have before it, or at any time before said ordinance was passed, the lawful petition of the owners of the land representing more than, or as much as, one-half of the frontage of each mile of said street, or part thereof, as is sought to be used for the purpose of said railroad; that a petition, purporting to be such a petition of owners of land representing more than one-half of the frontage, as aforesaid, was presented; that

the signature of Thomas Kiley thereto, one of said land owners, appears to be signed by one A. T. Burleston, but without the authority therefor appearing on said petition or therewith; that the same is therefore invalid; that the signature of C. L. Ingram & Bro., by C. L. B., agent, appears on said petition, and that said C. L. Ingram & Bro. are, or purport to be, a corporation, but that no authority for such signature is shown on said petition or therewith; that the same is invalid; that the signatures of Augustus Jacobson and Joseph E. Gary appear to be signed by Augustus Jacobson, merely, and that no authority is shown on said petition or therewith, authorizing said Jacobson to sign for said Gary; that said petition as to signatures of Gary, C. L. Ingram & Bro. and Kiley is invalid, and not within the contemplation of the statute; that the aggregate frontage pretended to be signed, as aforesaid, is not, in contemplation of said statute, 992 feet; that if said frontage, and the signatures therefor, are deducted from the total amount signed to said pretended petition, said petitioners would not be the owners of the land representing more than, or as much as, one-half of the frontage of each mile, and of the fraction of a mile in excess of the whole miles, measuring from the initial point named in such petition, of such street, or of the part thereof sought to be used for railway purposes; that on April 5, 1893, the city council, upon petition of said company, in pursuance of notice and upon the pretended petition of property owners, but without authority or warrant of law, passed another purported ordinance,—"Exhibit B;" that section 1 thereof, provides for the construction of a railway upon certain streets of Chicago, and to construct the railway therein described along West Twenty-fifth street, from Lawndale avenue to Rockwell street, a distance of a mile and a half; that said pretended petition purports to be signed by Mrs. N. F. McCormick, by Cyrus H. McCormick, attorney, for 600 feet of frontage, but without the authority therefor ap-

pearing on or with said petition; that the same is there-
fore invalid, within the contemplation of the statute, and
deducting said 600 feet from the total frontage pretended
to be signed to said petition, said ordinance was not
passed upon the petition of the owners of the land repre-
senting more than one-half of each mile, and of the frac-
tion of a mile in excess of the whole miles, measured from
the initial point named in such petition, of the part of
said street sought to be used for railway purposes; that
defendant, without any authority than as aforesaid, has
already constructed exceeding six miles of the system of
railways described, and is now operating the same with
a line of horse cars, and has constructed its tracks in
front of appellant's premises fronting on Twenty-fifth
street, and that appellee has contracted, or is about to
contract, for equipment to change its motive power from
horse cars to electricity, including the erection of trolley
poles and wires in front of appellant's lots above de-
scribed, and unless restrained will continue and construct
and operate the same over the entire territory covered by
said pretended ordinances, and will thereby inflict upon
appellant great and irreparable injury; that each of the
said parcels of real estate of appellant will be specially,
greatly and irreparably damaged by the construction and
operation of said railway in front thereof and on and
along the streets, respectively, on which the same abut;
that said real estate will be thereby greatly depreciated
in value, and its access to and use of said streets cut off
or greatly damaged.   Appellant prays that appellee, its
agents, etc., may be restrained from further proceeding
to construct, and from maintaining and operating, a line
of single or double-track street railway upon, over and
along said Lawndale avenue between said Twenty-second
street and said Thirty-fifth street, and on, over or along
said West Twenty-fifth street between Lawndale avenue
and Rockwell street, and from completing or laying in
said streets, or any part thereof, any single or double-

track switch, turn-outs, trolley wires, poles or appurtenances for an electric street railway.

The substance of "Exhibit A" to the bill,—that is, the ordinance of February 8, 1892,—so far as concerns this case, is stated in the bill *supra.* "Exhibit B,"—that is, the ordinance of April 5, 1893,—extended the privileges granted by the ordinance of February 8, 1892, to appellee to construct and operate its road on West Twenty-Fifth and other streets mentioned. The preamble to the ordinance of April 5, 1893, recites the various steps taken before the passage of the ordinance of February 8, 1892, and, among other things, that the owners of lands representing more than one-half of the frontage, etc., had presented their petitions asking the city council to grant the use of these streets to appellee to lay its tracks, etc.; that the committee to which the matter was referred held open meeting to hear objections to the petition and proposed ordinance; that none were made; that it appeared that the owners of more than half of the frontage, etc., had petitioned for, and the committee reported and recommended, the passage of the ordinance. Section 1 recited, that upon the petition of the owners of the land representing more than one-half of the frontage, etc., said company is given authority to construct, etc., on West Twenty-fifth street, etc.

The bill was filed September 8, 1893, and on September 29 the defendant company filed its demurrer, general and special. The circuit court sustained the demurrer and dismissed the bill for want of equity, and complainant appealed to the Appellate Court for the First District, where the decree was affirmed, and complainant then took this appeal to this court.

Mr. Roy O. West, for the appellant :

The legality of the method by which an ordinance is passed may be inquired into. *Roberts* v. *Easton,* 19 Ohio St. 78; *Hays* v. *Jones,* 27 id. 218; *Schott* v. *People,* 89 Ill. 195.

Messrs. PECK, MILLER & STARR, for the appellee :

The action of the city council is conclusive, in the absence of fraud.    *People ex rel.* v. *Rochester*, 21 Barb. 656 ; *Town of Coloma* v. *Eaves*, 92 U. S. 488 ; Cooley's Const. Lim. (4th ed.) 254.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill for injunction, and the questions involved arose on appellee's demurrer to appellant's bill of complaint.

Counsel for appellee have assigned various grounds in support of their contention that the bill is insufficient to authorize the relief prayed, and elaborate arguments have been made on behalf of both parties ; but as the bill appears to us clearly insufficient in one respect material to appellant's case, we do not deem it important to pass upon the other questions raised, however interesting they may be, and which, in their natural order, would arise further on in the inquiry.

The construction and operation of appellee's railway in the streets mentioned in the bill are sought to be enjoined on the ground that the ordinances authorizing the work are rendered invalid by certain alleged defects in the petition of the land owners, which petition is by statute made a prerequisite to the passage of such ordinances. The statute reads :   "The city council or board of trustees shall have no power to grant the use of, or the right to lay down any railroad tracks in, any street of the city to any steam, dummy, electric, cable, horse or other railroad company, whether the same shall be incorporated under any general or special law of the State now or hereafter in force except upon the petition of the owners of the land representing more than one-half of the frontage of the street, or so much thereof as is sought to be used for railroad purposes ; and when the street, or part thereof sought to be used, shall be more than one mile in extent, no petition of land owners shall be valid unless the same

shall be signed by the owners of the land representing more than one-half of the frontage of each mile, and of the fraction of a mile, if any, in excess of the whole miles, measuring from the initial point named in such petition, of such street, or of the part thereof sought to be used for railroad purposes."

Counsel for appellant, in his brief, says : "The contention of the appellant is, that the pretended ordinances are invalid, and that appellee is obstructing West Twenty-fifth street, and is about to obstruct Lawndale avenue; public streets of Chicago, without lawful authority. The exact question involved seems to be a new one. In a city like Chicago its importance cannot be over-estimated."

So far as this case is concerned, the validity or invalidity of the ordinances in question must be determined by the allegations in the bill of complaint. By its demurrer, appellee admits the truth of all the material allegations of the bill, so far as they are well pleaded, but does not, of course, admit all the conclusions drawn by the pleader from the facts stated, and under the rules of pleading the bill must be construed most strongly against the complainant. The substance of the allegations of the bill respecting the passage of the ordinances, and respecting the petitions therefor by the land owners, amounts to this : That petitions of the owners of land fronting on these streets, representing more than one-half of the frontage of each mile and fraction thereof, as required by the statute, were presented to the council; that the council passed the ordinances ; that the petitions were sufficient in all respects, except that the names of certain of the land owners, which are stated in the bill, appeared from said petitions to have been signed, not by themselves, but by others, without any authority appearing on or with the petitions for such signing.

Appellant's theory seems to be,—and on that theory alone he attacks the validity of these ordinances,—that the petitions are invalid because they show on their face

that the names of some of the signers were signed by
agents, and the agents' authority does not appear on or
with the petitions themselves, and that without such sig-
natures the petitions would not contain the requisite
signers. It is not alleged that any name was signed with-
out authority, but simply that the authority does not ap-
pear on or with the petitions. Nor is any fraud alleged.
These allegations of the bill may be perfectly true, and
on the demurrer must be so taken, and yet every name
purporting to have been signed by another may have been
so signed by full authority given orally or in writing, and
the council may have had before it ample evidence of that
fact. If it be conceded, as contended by counsel for ap-
pellant, that the statute requires a written petition, it
does not follow that the authority of the agent who signs
the name of his principal to such petition must also be in
writing, or, if in writing, that it should accompany the
petition. There is nothing in the statute changing the
common law rule by which an agent may sign the name
of his principal to a writing under authority not in writ-
ing. "The common law does not require that an authority
to an agent to sign an unsealed paper or a written con-
tract should also be by a writing. Thus, for example, an
agent may, by a verbal authority or by a mere implied
authority, sign or endorse promissory notes for another.
And even where a statute, such as a statute of frauds, re-
quires an instrument to be in writing in order to bind the
party, he may, without writing, authorize an agent to
sign it in his behalf, unless the statute positively requires
that the authority also should be in writing." Story on
Agency, sec. 50; 1 Parsons on Contracts, (5th ed.) 47;
*Johnson* v. *Dodge,* 17 Ill. 433 ; *Doty* v. *Wilder,* 15 id. 407.

Counsel for appellant insists that "authority to the
land owner's individual agent to act for the land owner,
in a matter like that which is involved herein, must be
in writing,—the land owner himself could not authorize
the grant by parol," and in support of his contention cites

*Woodward* v. *Seely*, 11 Ill. 157, *National Stock Yards* v. *Wiggins Ferry Co.* 112 id. 384, and other authorities, which hold that a license, coupled with an interest in land, can be created by a writing, only, and quotes from *Woodward* v. *Seely*, *supra*, where Mr. Justice TRUMBULL said: "A right of way, it is said, cannot be granted by parol, but must be founded upon a deed or writing, or presumption which presupposes one." We do not think the questions decided in those cases have any application to this. In the first place, it is not important to consider whether or not, under the statute, the petitions must be in writing, since the bill shows they were in writing. In the second place, by such petitions the land owners did not grant to the company any license, coupled with an interest, in their or appellant's land. The road was not located on their lands, but in the streets, and the city of Chicago held the possession of and the fee in the streets, in trust for the public. It could not be said that the ordinances passed in pursuance of the petitions granted to the railway company any interest in the land of the abutting property owners, and much less could it be said that the petitions themselves operated as such grant. It does not even follow, from the allegations of the bill, that in case the streets were vacated by the city, they would, in any part in front of appellant's premises, revert to him.

It follows from what has been said, that upon a fair construction of the bill of complaint, under the rules of chancery pleading and the principles of law applicable to the questions involved, appellant has not successfully challenged the validity of the ordinances in question, which, as alleged, were passed by the city council. The judgment of the Appellate Court must therefore be affirmed.

                                                  *Judgment affirmed.*