JOHN McVEY *et al.*

*v.*

THE CITY OF DANVILLE.

*Opinion filed December 20, 1900.*

1. PUBLIC IMPROVEMENTS—*objectors have the burden of overcoming prima facie sufficient petition.* If the city has made a *prima facie* case by introducing in evidence a property owner's petition apparently sufficient, the recommendation of the improvement board and the ordinance, the burden is upon the objectors to show that the petition is not sufficient.

2. SAME—*authority of agent to sign an improvement petition need not affirmatively appear.* The authority of the general manager of a railroad to sign an improvement petition need not accompany the petition nor appear upon the face of it, since it will be presumed, under section 9 of the Improvement act of 1897, in the absence of proof to the contrary.

APPEAL from the County Court of Vermilion county; the Hon. M. W. Thompson, Judge, presiding.

Geo. T. Buckingham, and Lawrence & Lawrence, for appellants.

J. H. Lewman, and Winter & Rearick, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

The county court of Vermilion county confirmed a special tax upon the property of appellants for paving Gilbert street, in the city of Danville. That city contained a population of less than twenty-five thousand, and the board of local improvements had no power to originate the improvement in question except upon a petition by the owners of a majority of the property abutting on the street. (*City of Bloomington* v. *Reeves*, 177 Ill. 161.) The sole objection of appellants made in the county court and urged on this appeal is founded upon that requirement of the law, and is, that the petition for paving the street was not signed by the owners of one-half the property abutting thereon.

Counsel agreed that 7155 feet was one-half of the frontage, and on the face of the petition and proceedings the petitioner appeared to have the legal consent of owners representing 8256 feet. The petitioner offered in evidence the petition for the improvement, the recommendation of the board of local improvements and the ordinance, and thereby made out a *prima facie* case, and cast the burden of proof upon appellants to show that the petition had not been signed as required by the act concerning local improvements. (*Merritt* v. *City of Kewanee*, 175 Ill. 537.) Section 9 of that act makes the recommendation of the board *prima facie* evidence that the preliminary requirements of the law have been complied with, necessarily including the presentation to the board of

the petition required by the act. Appellants admitted that the owners of 6953.48 feet signed the petition and gave the required consent, but as to the remainder objected that the signers were either not the owners or had no authority to sign the petition. One of these signers was the Peoria and Eastern Railroad Company, the owner of property abutting on the street a distance of 481 feet. The petition was signed in the name of the railroad company, "J. A. Barnard, General Manager." There was no evidence of a want of power in Mr. Barnard, who was proved to be the general manager of the railroad company, to sign the name of the company, and the only claim was that he had no implied power, as a matter of law, to do such an act in the absence of proof of express authority from the company. The court was asked to presume that the signature to the petition was unauthorized, while the presumption created by the statute is to the contrary. It is not necessary that the authority of the agent to sign such a petition should accompany the petition or appear upon the face of it. (*Tibbetts* v. *West and South Towns Street Railway Co.* 153 Ill. 147.) Appellants took upon themselves the burden of proof to show a want of authority, and if it is true that express authority in the by-laws, or otherwise, was required, it was incumbent upon appellants to prove that it did not exist. Adding this frontage of 481 feet to the conceded frontage, as above stated, the petition embraced more than half the frontage on the street, and was sufficient.

It is not necessary to consider objections made to other signatures which could not change the result.

The judgment of the county court is affirmed.

*Judgment affirmed.*