EDWARD A. HALSEY

*v.*

THE TOWN OF LAKE VIEW.

*Opinion filed December 20, 1900—Rehearing denied February 7, 1901.*

1. SPECIAL ASSESSMENTS—*act of 1897 applies to town of Lake View.* The Local Improvement act of 1897 applies to the town of Lake View without the adoption of such act by the municipality.

2. SAME—*right of city to ask for assessment for part of improvement, only.* If part of the improvement provided for in an ordinance is already being done under a prior ordinance by special assessment, the city may ask that the assessment be levied under the second ordinance for that part of the improvement, only, which is not provided for in the first ordinance.

3. SAME—*description of part of improvement for which no assessment is asked is not material.* If the city does not ask for any assessment to pay for a portion of the improvement provided for in the ordinance, it is immaterial whether the description of the portion so omitted is sufficient to support an assessment or not.

4. SAME—*what does not constitute a double assessment.* If a former ordinance for street lighting provides for lamp tops to be donated by a park board, the fact that a second ordinance provides for lamp tops to be paid for by special assessment does not constitute a double assessment for the same improvement.

5. SAME—*that ordinance provides for guaranty does not vitiate assessment.* That an ordinance for a system of street lighting provides that the contractor shall guarantee the cable system for five years, and that it shall stand a certain test at the end of that time, does not vitiate the assessment.

6. SAME—*when ordinance does not authorize substitution of materials not provided for.* That an ordinance provides that the contractor shall furnish samples of the articles and materials to be used in doing the work, which shall be subject to the approval of the su-

perintendent of Lincoln park, and the material furnished on the work shall be equal to the samples, does not authorize the substitution of materials not provided for.

7. SAME—*when an objector cannot complain of allowance of interest.* An objector cannot complain that the court, in entering judgment of confirmation, provided for interest on deferred installments from a later period than that provided for in the ordinance.

APPEAL from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

IRA J. GEER, for appellant.

JAMES McCARTNEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The superior court of Cook county overruled appellant's objections to a special assessment levied upon his property to pay the cost of cables, lamp-posts, arc lamps, etc., for lighting with electricity Diversey street as a boulevard and a part of Lincoln park, in the city of Chicago, and entered a judgment confirming said assessment, from which he prosecuted this appeal.

Appellant first contends that the town of Lake View had no authority to levy the assessment under the act of 1897, concerning local improvements, for the reason it is not shown that said town ever passed an ordinance adopting said act. Section 97 of the act in question provides for such adoption by any city or incorporated town or village, but sections 1 and 98 make the law applicable to municipalities incorporated under the general Incorporation law, or which had adopted article 9 of said law, or which had power to levy a special assessment before said act of 1897 was passed, and authorize them to make use of the provisions of the act. The town of Lake View belongs to a class of municipalities to which the act of 1897 applies without adoption. *Jones* v. *Town of Lake View,* 151 Ill. 663.

It is next claimed that the act enabling park commissioners to take public streets leading to public parks and pay for the improvement thereof authorizes the levy of a special tax or assessment only on contiguous property abutting upon such streets, and that the ordinance in this case is invalid because it provides for assessing all property benefited by the improvement.   For aught that appears, the appellant's property is contiguous property abutting on the boulevard, and within the terms of the statute as he, asks to have it construed.   It would, of course, be no injury to him if other property not abutting should also be assessed and contribute to the expenses of the improvement.   The abstract does not show that he is entitled to raise the objection.

The ordinance, a copy of which was annexed to the petition, provides not only for the equipment for electric lighting, but also for surfacing the roadway with crushed granite and putting in conduits and hand-holes, the items for which, as contained in the estimate, amount to $12,-834.50.   The petition alleged that the granite surfacing, conduits and hand-holes had been otherwise provided for and that said portion of the work was partially done, and it only prayed for an assessment for the necessary equipment for lighting with electricity.   On the hearing it was stipulated between counsel that there had been a previous ordinance providing for said granite surfacing, conduits and hand-holes, and a special assessment made and contract let under which said work had been partially done.   Appellant says that an ordinance cannot be subdivided, and a part of the work be arbitrarily omitted from the assessment and an assessment levied to pay for only part of the improvement.   No assessment could be levied for the work which had already been provided for and which appellant's property had been assessed to pay. He could object to an assessment for such work, and we think that the municipality had a corresponding right to omit that part and not ask an assessment on account of

it. We do not see why he should complain that the ordinance provides for other work for which no assessment is asked.

Many objections are urged against the ordinance, but nearly all of them relate to that part of the ordinance for which no assessment is made. Of this character are the objections that the width of the roadway to be improved is not specified; that the meaning of the terms employed and the proportion of crushed granite and gravel are uncertain; that the distances at which hand-holes are to be built are uncertain, and that it is optional with the contractor to use different kinds of pipe in the conduits. Appellant is not asked to pay for any of those things, and it is immaterial in this case whether the ordinance would support a special assessment to pay for them or not. This is also a sufficient answer to his claim that the ordinance is unreasonable and oppressive in providing a second time for the same improvement. The only thing he points out which was mentioned in the former ordinance is the lamp tops. This ordinance provides for cast-iron lamp-posts with curved tops. The former ordinance provided that boulevard lamp tops would be furnished by the commissioners of Lincoln park, to be placed on existing lamp-posts in the avenues. There was no assessment for lamp tops under such former ordinance, and there is consequently no double assessment for the same improvement. The lamp tops, under the first ordinance, were to be furnished by the park commissioners, and not at the expense of the property owner.

The lamp-posts are to be set at a distance of about three hundred feet from each other, and it is insisted that the distance is not sufficiently specified. Counsel for appellant says that the street is about two miles long, intersected by many streets and alleys and railroad tracks. Such a situation would probably compel a variation in distances in different places in setting the lamp-posts, and that was doubtless the cause of the provision. We

take it to mean that the lamp-posts shall be substantially three hundred feet apart, and the estimate is for at least the requisite number. There are some minor objections to the estimate, but none of them are substantial.

The judgment provides for the collection of interest on the deferred installments only from January 2, 1902, while the ordinance provides that the assessment shall be payable in five equal annual installments, with interest. The court entered its judgment to conform with the statute, except that it did not allow as much interest as might have been allowed. The action of the court was in favor of the property owner, and the appellant cannot complain of it.

Another objection is, that the ordinance provides the contractor shall furnish samples of the articles and materials to be used in doing the work, which shall be subject to approval of the superintendent of Lincoln park, and the material furnished on the work must be equal, in all respects, to such samples. The objection is, that a substitution of materials not provided for is thereby authorized. We do not so understand the provision, which is plainly for the protection of the property owner, and a mere precaution that the material used shall be such as is contracted for.

The ordinance provides for a guaranty of the cable system by the contractor for a period of five years, and that at the end of that time it will stand a certain test. Appellant urges that it is not within the power of the authorities to provide for a guaranty. The provision is designed to secure a good and durable equipment, and it does not vitiate the assessment. *Graham* v. *City of Chicago,* 187 Ill. 411.

The judgment is affirmed.    *Judgment affirmed.*