## CLARA L. WELLS

*v.*

## THE CITY OF CHICAGO.

*Opinion filed April 24, 1903.*

1. SPECIAL ASSESSMENTS—*recommendation of board is prima facie evidence of compliance with statute.* Objections that the record of the resolution of the improvement board did not contain an itemized estimate of the cost and that no notice of a public hearing was mailed pursuant to law must be established by proof, since section 9 of the Local Improvement act makes the recommendation of the board *prima facie* evidence of compliance with all preliminary requirements of the statute.

2. SAME—*when court's finding as to reasonableness of improvement will not be disturbed.* In a special assessment proceeding, if the trial judge, by agreement of the parties, views the street to be improved, with a view of determining the necessity for and reasonableness of the improvement, his finding in that regard will not be disturbed, on appeal, unless it is clear that error was committed.

3. SAME—*when ordinance is not admissible in evidence.* An ordinance authorizing a railroad company to lay tracks in the street to be improved, and requiring it to keep the street in repair and make new improvements for the width of its tracks when such improvements were made on the street, is properly denied admission in evidence upon the hearing before jury on the question of benefits.

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

WELLS & BLAKELEY, for appellant.

EDGAR B. TOLMAN, and ROBERT REDFIELD, (CHARLES M. WALKER, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an application for the confirmation of a special assessment to defray the cost of curbing, grading and paving West Monroe street from South Canal street to South Morgan street, in the city of Chicago. The appellant appeared and filed objections to confirmation as

to her property, which were overruled and judgment was entered, and she has prosecuted this appeal.

It is first objected that the record of the resolution of the board of local improvements originating the improvement did not contain an itemized estimate of the cost of the improvement, and that no sufficient proof was preserved in the record of the board of local improvements showing that the notice provided by the statute to be given to the persons who paid the general taxes for the last preceding year on the land fronting upon the improvement, of the time and place of the public hearing, had been given. The resolution originating the improvement, after describing the location and character of the improvement, concluded with the recital, "the estimate of the costs of such improvement made by the engineer of said board being $34,000," and the resolution adhering to and recommending the improvement stated the board found, upon evidence submitted to it, that notice of the public hearing had been mailed pursuant to statute. No proof was offered by appellant upon the trial to show that an itemized statement of the cost of the improvement was not made by the engineer of the board and made a part of the record of the first resolution, or that notice of the public hearing was not mailed pursuant to law. Section 9 of the Local Improvement act provides that the recommendation of the board that the improvement be made shall be *prima facie* evidence that all the preliminary requirements of the law have been complied with, and the burden of proof was upon the objector to show non-compliance with the requirements of the statute preliminary to the passage of the improvement ordinance, and the appellant having failed to establish that an estimate of the cost of the improvement was not made in the form and at the time required by the statute and that notice of the public hearing was not mailed pursuant to law, the objection was properly overruled. *McVey* v. *City of Danville,* 188 Ill. 428; *Yaggy* v. *City of Chicago,* 192

202—29

id. 104; *Berry* v. *City of Chicago,* id. 154; *Madderom* v. *City of Chicago,* 194 id. 572; *McChesney* v. *City of Chicago,* 201 id. 344.

It is next contended that the ordinance is unreasonable and oppressive, and therefore void. The judge who heard the legal objections, by agreement of the parties visited the *locus in quo* and viewed the street, and knew of his own knowledge the condition of the pavement on the street which it was proposed to improve, and the evidence bearing upon that feature of the case is so imperfectly abstracted,—in many instances the abstract amounting to no more than an index of the record, the names of the witnesses and the page of the record where their testimony can be found being frequently all that is given,—that we have not considered the evidence bearing upon that question in opposition to the finding which was made after the judge had viewed the premises with the consent of the parties. When a trial judge, in a proceeding of this kind, by agreement of the parties has viewed the street proposed to be improved, with a view to determine the necessity and reasonableness of the proposed improvement, this court will not disturb the finding that the improvement is necessary and reasonable unless it clearly appears that error has been committed. This record, as abstracted, wholly fails to show such error.

The contention that the ordinance is unreasonable and oppressive in requiring curb-stones along the entire line of the improvement, regardless of the fact that curb walls are now in place for a considerable portion of the distance, is not supported by the record. The ordinance provides "the curb walls now in place * * * shall be plastered on their street face from the top surface down, for the space of five feet," and the estimate of the engineer accompanying the resolution recommending the improvement provides for plastering 4130.19 lineal feet of curb walls and putting in 1827 lineal feet of limestone curb-stones, which makes it clear that the ordinance does

not contemplate putting in curb-stones where curb walls are now standing.

The appellant, upon the hearing of the question of benefits before a jury, sought to introduce in evidence an ordinance granting the Chicago and Jefferson Urban Transit Company the right to lay its tracks in West Monroe street on condition that the company would keep the street in repair from curb to curb, and in case a new improvement was ordered would make such improvement for, the width of its tracks. This evidence had been received and considered by the court upon the hearing of the legal objections, but the court declined to admit the same for the consideration of the jury upon the hearing as to benefits. The jury, upon the hearing as to benefits, were authorized to pass upon only two questions, namely, whether the appellant's property was assessed more than it would be benefited by the improvement, and whether it was assessed more than its proportionate share of the cost of the improvement, and upon a hearing as to benefits the necessity of the improvement cannot be questioned. (*Houston* v. *City of Chicago*, 191 Ill. 559.) The ordinance permitting said company to occupy the street with its tracks upon the conditions named had no legitimate bearing upon the issues then being tried, and would have tended rather to confuse and mislead than to enlighten the jury, and the same was properly excluded.

The appellant also sought to prove the condition of the street at the time the tracks of said company were laid therein, which was many years prior to the passage of the ordinance providing for the improvement. The court confined the evidence to the condition of the street at the time of the hearing. This ruling was correct. The condition of the street several years prior to the passage of the ordinance was immaterial, the question being what benefits would be conferred upon appellant's property by the improvement, taking into consideration the street as it then existed, and not as it had existed

years before the improvement was contemplated and at a time when the improvement might not have been necessary.

Finding no reversible error in this record the judgment of the county court will be affirmed.

*Judgment affirmed.*