EDWARD H. GUYER *et al.*

*v.*

THE CITY OF ROCK ISLAND.

*Opinion filed April 17, 1905.*

1. SPECIAL ASSESSMENTS—*fact that no petition of property owners was filed must be proved.* The recommendation of the board of local improvements is *prima facie* evidence that the preliminary requirements of the law have been complied with, and casts upon the persons objecting that no property owners' petition was filed, the burden of proving that fact.

2. SAME—*when provision for "filling" is not invalid.* A provision of a paving ordinance requiring the roadway to be brought to proper sub-grade and rolled and "if settlements occur the depressions shall be filled," all filling to be "of suitable material found on the work, designated by the engineer," is not invalid as vesting the engineer with discretionary power to designate the filling material.

3. SAME—*what is not an improper delegation of discretionary power.* If a paving ordinance specifies the dimensions of the curbstones, a provision that "the radius of corner curbs shall be six feet, or as the engineer may specify," does not delegate such discretionary power to the engineer with respect to the radius of the corner curbs as invalidates the ordinance.

4. SAME—*when failure of ordinance to establish grade for part of street is not fatal.* Failure of an ordinance to establish the grade for part of the improvement is not fatal when there is a general ordinance which established the grade of the street for the other part of the improvement and such grade may be easily ascertained by a competent engineer from the evidence at hand.

APPEAL from the County Court of Rock Island county; the Hon. ELWIN E. PARMENTER, Judge, presiding.

SEARLE & MARSHALL, and MEESE & SHALLBERG, for appellants.

JOSEPH L. HAAS, for appellee.

Per CURIAM: This was a proceeding in the county court of Rock Island county for a judgment confirming a special assessment levied by authority of an ordinance of the city of

Rock Island to defray the cost of grading, paving and curb-
ing Fourteenth avenue from the east line of Thirtieth street
east to the city limits of the said city of Rock Island.   The
appellants, owners of property against which judgments of
confirmation were asked, appeared and filed many objections,
all of which were overruled and judgments were entered
confirming the assessment according to the prayer of the pe-
tition. This is an appeal perfected to review such judgments.

The city of Rock Island has a population of less than
20,000, and it is urged that no petition of the owners of
property fronting on the line of the proposed improvement
was presented to the board of local improvements, as re-
quired by section 4 of the Local Improvement act of 1897,
and that the acts of the General Assembly adopted May 11
and May 15, 1903, purporting to amend said section 4 and
to authorize the board of local improvements to originate a
scheme for the improvement without such a petition, were
unconstitutional, as decided by this court in *L'Hote* v. *Vil-
lage of Milford,* 212 Ill. 418.

It was objected in the county court, in behalf of the
property owned by W. H. Viele, deceased, that no petition
of property owners had been presented to the board of local
improvements.   Section 9 of the Local Improvement act
(4 Starr & Cur. Stat. chap. 24, art. 9, par. 45, p. 159,) re-
quires that the board of local improvements shall, with any
ordinance for a local improvement which the board may
present to the city council for adoption, also present a rec-
ommendation of such improvement, signed by at least a ma-
jority of the board, and the section further provides that
such recommendation shall "be *prima facie* evidence that all
of the preliminary requirements of the law have been com-
plied with."   The recommendation of the board of local
improvements which accompanied the ordinance in this pro-
ceeding was produced in evidence, and the burden was there-
by cast upon the objectors, who objected that no petition had
been presented to the board of local improvements, to estab-

215 –10

lish the truth of the objection. (*McVey* v. *City of Danville,* 188 Ill. 428.) No proof was presented by the objectors.

But it is urged that it appears that the board proceeded under one of the amendatory acts of 1903 which have been held unconstitutional, and that as no petition was required by either of said amendatory acts in cities having less than 20,000 inhabitants, the objection is supported by these recitals and the *prima facie* case made by the recommendation of the board thereby overcome. The recitals referred to do not purport to state or show which enactment the board was acting under or whether or not a petition had been presented to the board. The *prima facie* case made by the recommendation of the board was not overcome.

It is unnecessary to consider all of the objections which the appellants presented to the application for confirmation of the assessment. The ordinance provided that all grading should be done which was necessary to bring the surface of the roadway of the street to the proper sub-grade, and that "all filling required shall be of suitable material found on the work designated by the engineer." The ordinance further provided that a sandstone curb should be constructed "along the roadway lines of the improvement and with the returns on all intersecting streets and alleys," and that the curbs, except the returns, should be constructed of stones four inches in thickness, twenty-four inches in depth and no stone to be less than three feet in length, except when necessary to fill out return curbs, and that corner curbs should be cut from blocks six inches in thickness. The ordinance provided that "the radius of corner curbs shall be six feet, or as the engineer shall direct."

It is objected that the ordinance purported to vest the city engineer with power to designate the material which should be used in making any fills found to be necessary to bring the street to the required grade, and also vested the same engineer with power to determine the radius of the curbs at all corners of streets and alleys. A part of section 1

of the ordinance that refers to the filling is as follows: "After the necessary grading has been done to bring the surface to sub-grade the street shall be rolled with the city steam roller. If settlements occur, the depressions shall be filled and again rolled solid. All filling required shall be of suitable material found on the work designated by the engineer." Prior parts of the ordinance provide for the cutting down and grading the street to the proper level, and the filling referred to applies only to settlements in the surface after it has been graded and rolled. The discretion of the engineer in this respect is very limited, and does not enable him to vary the character of the work to be done to such an extent as in any way to change the cost. Nor do we think the corner curbs specified are of such a description as to leave sufficient discretionary power in the engineer as to invalidate the ordinance. Section 1 provides that "the radius of corner curbs shall be six feet, or as the engineer may specify." These curbs are used at the intersection of the streets and alleys. As a general thing they are uniform in size but necessarily vary a very small degree, according to their location and the size of the stone to which they are attached. The small variation in size would not change the number of stones required or their material thickness. Sufficient data was given to furnish a reasonable estimate upon which a contractor could figure the number and cost of the stones, and we do not think the ordinance invested the engineer with improper discretionary authority.

It is next insisted that there is no grade established by ordinance along the line of the proposed improvement from Forty-fourth street east to the city limits. The evidence shows that the city adopted a general ordinance establishing grades, and a grade was established along the line of the improvement as far east as Forty-fourth street. While it is claimed that the grade east of Forty-fourth street has never been entered upon the map or record of established grades as they appear in the city clerk's office, yet a competent en-

gineer testified that from the evidence at hand the grade as it existed east of Forty-fourth street could easily be figured and established of record. We think this was all that was required. It is far different from a case in which no grades have ever been established and where there was nothing to show the elevation to be followed.

We find no reversible error, and the judgment of the county court will be affirmed.      *Judgment affirmed.*