JAMES T. GARDNER

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 22, 1906.*

1. SPECIAL ASSESSMENTS—*substantial variance between resolution and ordinance renders ordinance invalid.* Where the resolution for an improvement and the estimate of the engineer provide for the improvement of the "present roadways" of certain streets, but the ordinance as to one of such streets provides for the construction of the pavement thereon six feet to one side of the present roadway and for a pavement of uniform width, whereas the present roadway is not of uniform width, there is a substantial variance, which renders the ordinance invalid.

2. SAME—*city's discretion as to extent of improvement not disturbed unless abused.* The discretionary power of a city, as respects the limits of a system of street improvement, will not be interfered with by the courts unless it appears the city has abused its discretion and acted unreasonably.

3. SAME—*when ordinance sufficiently describes amount of granite and gravel.* A paving ordinance sufficiently describes the amount of granite and gravel which requires the granite to be crushed so as to pass through a ring of certain diameter and spread upon the four-inch layer of limestone, then covered with best quality of fine, well-screened bank gravel sufficient to fill the interstices of the granite and thoroughly bond the same, upon which shall be spread a layer of granite screenings one-half an inch thick, the said layer of granite bank gravel and screenings to be three and one-half inches thick

after being flooded with water and rolled with a steam roller of ten tons' weight.

4. SAME—*when catch-basin provision is uncertain.* The provision of a paving ordinance respecting catch-basins is ambiguous and uncertain where one part of the ordinance provides for the construction of one catch-basin only, whereas another part provides for such catch-basins as are necessary.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

JOSEPH H. FITCH, for appellant.

CHARLES H. MITCHELL, and FRANK JOHNSTON, Jr., (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application in the county court of Cook county for the confirmation of a special assessment levied to pay for improving a system of streets in that part of the city of Chicago known as Ravenswood. The appellant appeared and filed objections to confirmation as to his property, which were overruled, and he has prosecuted this appeal.

It is first contended that the judgment of confirmation should be set aside on the ground that there is a material variance between the improvement described in the resolutions of the board of local improvements and the engineer's estimate of the cost of the improvement and the improvement described in the ordinance providing for the improvement. One of the streets sought to be improved as a part of said system of streets is East Ravenswood Park, which is eighty feet wide and the paved roadway of which is thirty-two feet in width, except for a distance of one hundred feet opposite the Ravenswood depot, where it is paved to the width of thirty-eight feet. The east line of said improved roadway is eighteen feet from the east line of the street and

the west line of the improved roadway is thirty feet from the west line of the street, except opposite the depot. The paved roadway of said street, therefore, is not located in the center of the street, but the center line of the paved roadway is six feet east of the center line of the street, except as to that part opposite the depot. The resolutions of the board of local improvements provided for the improvement of the "present roadways" of the streets included in said system of streets, and the estimate of the engineer agreed in that particular with said resolutions. The ordinance, however, provided that "the roadway of East Ravenswood Park, from the south curb line of Lawrence avenue to the south line of Sunnyside avenue, said roadway being thirty-two feet in width, * * * is hereby ordered improved, as follows: A granite concrete combined curb and gutter shall be constructed on each side of the roadway * * * in such a manner that the roadway face of the curb shall be parallel with and sixteen feet from the center line of * * * said East Ravenswood Park," from which it appears that both the resolutions of the board and the engineer's estimate provided for an improvement of the "present roadway" of East Ravenswood Park, while the ordinance provided for the improvement of a roadway which is situated six feet farther west than the present roadway and which is of uniform width throughout, while the present roadway is not of such uniform width. It has been repeatedly held that if there is a material and substantial variance between the resolutions of the board of local improvements or the estimate of the engineer and the ordinance the ordinance will be invalid. (*Clarke* v. *City of Chicago,* 185 Ill. 354; *Wetmore* v. *City of Chicago,* 206 id. 367; *Smith* v. *City of Chicago,* 214 id. 155.) If in the construction of the proposed improvement the curb lines should be placed sixteen feet from the center line of East Ravenswood Park, then the present roadway upon that street would be changed six feet and a portion of the street now paved would not

be covered by the new improvement, which would make the
improvement constructed under the ordinance a different
improvement from that provided for in the resolutions of
the board and the engineer's estimate. (*Pells* v. *People,*
159 Ill. 580.) We think the variance pointed out material
and substantial, and that the court erred in overruling that
objection of the appellant.

It is next contended that the ordinance is unreasonable
because it unnecessarily includes in said system of streets
certain streets which now have a sufficient street improve-
ment, and because all the streets included in said system
are not similarly situated with reference to travel. The au-
thorities are uniformly to the effect that the limits of the
district proposed to be improved rest in the discretion of
the legislative power, and that the courts will only interfere
with the exercise of such power when it clearly appears that
the discretion vested in the law-making power has been
abused. The discretionary power of the city council in this
respect cannot be disturbed, except in a case where it appears
that the city council have abused their discretion and exer-
cised their power in an unreasonable manner. This doctrine
was announced in the case of *City of Springfield* v. *Green,*
120 Ill. 269, and has been followed by this court in numerous
cases. (*Wells* v. *City of Chicago,* 202 Ill. 448; *Walker* v.
*City of Chicago,* id. 531; *Jones* v. *City of Chicago,* 213 id.
92; *Clark* v. *City of Chicago,* 214 id. 318.) We have read
the evidence of all the witnesses whose testimony bears upon
the question now under consideration, and are of the opinion
that the court did not err in declining to hold the ordinance
unreasonable or that the city council had abused the discre-
tion reposed in it in providing for the improvement covered
by said ordinance.

It is further contended that the ordinance is void for
uncertainty in this: that it does not sufficiently specify the
amount of granite and gravel which are to be used in the
construction of the improvement. The ordinance provides

224—17

for paving the roadways with four inches of limestone and three inches of granite bonded with gravel, with a top dressing of granite screenings one-half inch thick. The ordinance describes the three inches of granite and gravel, as follows: "Upon said layer of limestone and screenings shall be spread a layer of broken granite, crushed to a size so as to pass through a ring of two and one-half inches internal diameter, which layer of granite shall be covered with the best quality of fine, well screened bank gravel in sufficient quantity to fill all the interstices in said layer of granite and to thoroughly bond the same, after being wetted and rolled with a roller of ten tons weight; the said layer of granite shall then be covered with the best quality of granite screenings to the depth of one-half inch. Said layer of granite, bank gravel and granite screenings shall be three and one-half inches in thickness, after being flooded with water and rolled with a steam roller of ten tons weight." The question here raised was passed upon adversely to the contention of appellant in *McChesney* v. *City of Chicago*, 205 Ill. 611, where an ordinance substantially like the one now under consideration was held sufficiently certain.

It is lastly contended that the ordinance is indefinite in its description of the number of catch-basins to be used in the improvement. In one part of the ordinance one catch-basin is provided for, and in subsequent provisions such catch-basins as are necessary are provided for. In the particular pointed out the ordinance is ambiguous and uncertain, and we think the objection of the appellant upon this point should have been sustained.

For the reasons pointed out the judgment of the county court will be reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE CARTER took no part in the decision of this case.