THE VILLAGE OF OAK PARK, Appellee, *vs.* A. T. GALT, Appellant.

*Opinion filed December 17, 1907.*

SPECIAL ASSESSMENTS—*when discretion vested in improvement board does not invalidate ordinance.* A paving ordinance providing that the layer of brick to be laid shall be "a layer of re-pressed brick, either Metropolitan block, of Canton, Ohio, or other brick equally good, to be approved by the board of local improvements," etc., specifying the dimensions of the brick to be used, is not invalid because of the discretion vested in the board of improvements to judge the quality of the brick.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

HUFF & COOK, for appellant.

C. H. WELLS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a special assessment levied by the village of Oak Park for paving with brick and improving with combined curb and gutter Home avenue, in that city, at an estimated cost of $16,008. Appellant objects for $7756.66 of that amount.

It ·is contended that the ordinance is void because of the discretion given to the board of local improvements in the selection of the kind of brick to be used, as set forth in the following provision of the ordinance:

"*Brick wearing surface.*—Upon the sand cushion above described shall be placed a layer of re-pressed brick, either Metropolitan block, of Canton, Ohio, or other brick equally good, to be approved by the board of local improvements; all of uniform dimensions, and in size four inches deep by three inches wide and eight and one-half inches long."

In *City of Chicago* v. *Singer,* 202 Ill. 75, an ordinance provided the kind of brick that should be used and required that sample bricks should be presented with the bids, and "all brick used must be equal, in every respect, to the specimen submitted by the bidders to the board of local improvements for test." This court, in discussing whether that ordinance was invalid because of the discretion so left to the board of local improvements, said (p. 81) : "The board of local improvements were not clothed with power, by the subsequent provisions of the ordinance, to determine the kind of brick of which the pavement should be composed, but only to determine whether the brick which the bidders contemplated using were the kind and of the quality required by * * * the ordinance to be laid in the pavement." In *Halsey* v. *Town of Lake View,* 188 Ill. 540, it was held that the ordinance in that case, which provided that the contractor should furnish samples of the articles and materials to be used in doing the work, and that the material furnished on the work must be equal, in all respects, to such samples, was not open to a similar objection to the one raised here. In *Fishburn* v. *City of Chicago,* 171 Ill. 338, it was stated that an ordinance might be so framed as to make a production, substance or compound the standard of quality and fitness and require material to be equal to it in all respects. In *Guyer* v. *City of Rock Island,* 215 Ill. 144, this court held that to leave to the discretion of the engineer a small variation in the size of the curb-stone was not giving an improper discretionary authority. See, also, *Peters* v. *City of Chicago,* 192 Ill. 437; *Connecticut Mutual Life Ins. Co.* v. *City of Chicago,* 217 id. 352.

The discretion permitted by this ordinance to the board of local improvements is very limited in character, and we think is a precaution as to the material to be used that will tend to benefit rather than to injure the property owner. The cases of *Foss* v. *City of Chicago,* 56 Ill. 354, *Bradford* v. *City of Pontiac,* 165 id. 612, and *County of DeWitt* v.

*City of Clinton,* 194 id. 521, in no way conflict with this conclusion.

The judgment of the county court will be affirmed.

*Judgment affirmed.*