THE CITY OF CHICAGO, Appellant, *vs.* THERESA SOUKUP, Appellee.

*Opinion filed June 29, 1910—Rehearing denied October 6, 1910.*

1. SPECIAL ASSESSMENTS—*resolution need not contain detailed description of improvement.* While the resolution and the ordinance must agree as to the substantial features of the improvement, yet the resolution need not contain a detailed description, and it is sufficient if the description given, together with the estimated cost, will give the property owners a general understanding of the proposed improvement.

2. SAME—*what is not a fatal variance between resolution and ordinance as to width of roadway.* Where the resolution for paving a street sixty-six feet wide does not state the width of the roadway to be paved but the ordinance fixes such width at thirty feet, a fatal variance is not established by proof of the city's code providing that sidewalks on streets sixty-six to eighty feet in width shall be fourteen feet wide "unless a different width shall be specified in the order," which provision, it is claimed, shows the roadway on sixty-six foot streets would be thirty-eight feet wide. (*Gardner* v. *City of Chicago,* 224 Ill. 254, distinguished.)

APPEAL from the County Court of Cook county; the Hon. W. A. WALL, Judge, presiding.

GEORGE A. MASON, and WILLIAM T. HAPEMAN, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellant.

MORTON T. CULVER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county sustaining objections, as to the property of appellee, to an application of the city of Chicago for judgment of confirmation of an assessment for paving with macadam West Fifty-second street, from the west line of South Ashland avenue to the east line of South Robey street.

The only objection urged in the trial court and relied upon here is that there was a fatal variance between the resolution adopted by the board of local improvements and the ordinance. The resolution in question did not, in terms, fix the width of the roadway, while the ordinance established such roadway at thirty feet. Fifty-second street is sixty-six feet wide. Appellee introduced a section of the municipal code of Chicago which contained provisions fixing the width of sidewalks. This section, among its other provisions, provided that "on streets sixty-six feet and under eighty feet in width" the sidewalks should be fourteen feet, "unless a different width shall be specified in the order." No proof was introduced that a sidewalk had been built on either side of Fifty-second street adjacent to the proposed improvement or that any order had been passed fixing the width of such sidewalk. The appellee, however, proved that the intersections of certain streets crossing Fifty-second street had been paved, and that the width of Fifty-second street between the "return" curbs of such intersections was thirty-eight feet. The intersections as to these cross-streets are excepted from this resolution and ordinance. The engineer of the board of local improve-

ments testified for the city that the estimate which was incorporated into the resolution showed the number of square yards of macadam paving required for the proposed improvement, and that an engineer could figure from the resolution the width of the roadway proposed to be paved.

It is not contended that the alleged variance is shown by a comparison of the resolution and the ordinance, but that from the evidence introduced the property owner, on the hearing before the board of local improvements, would conclude from the resolution and other facts shown herein that the roadway to be paved was thirty-eight feet in width. This court held in *Jones* v. *City of Chicago,* 213 Ill. 92, that the width of an alley to be paved need not be stated in the resolution, and in *Ogden & Co.* v. *City of Chicago,* 224 Ill. 294, that the fact that the width of a roadway of a street was not stated in the resolution did not cause a variance between the ordinance and the resolution. Does the evidence in this record show a variance? We think not.

Section 9 of the Local Improvement act (Hurd's Stat. 1908, p. 424,) provides that the recommendation of the board of local improvements shall be *prima facie* evidence that the preliminary requirements of the law have been complied with, and that a variance shown in court "shall not affect the validity of the proceeding, unless the court shall deem the same willful or substantial." (*McChesney* v. *City of Chicago,* 205 Ill. 611; *McLennan* v. *City of Chicago,* 218 id. 62.) The resolution and the ordinance must agree as to the substantial features of the improvement. The statute, however, does not intend that the resolution shall contain such a particular and detailed description of the improvement as is required in the ordinance. The object of the statute is attained if the description of the improvement in the resolution, taken in connection with the estimated cost, will give the property owners a general understanding of what is proposed to be done. (*Ogden*

*& Co.* v. *City of Chicago, supra; City of Chicago* v. *Gage,* 237 Ill. 328.) This resolution did this.

In the following decisions, among others, this court has construed the statute as to the question of variance between a resolution and ordinance: *Gage* v. *City of Chicago,* 201 Ill. 93; *Wetmore* v. *City of Chicago,* 206 id. 367; *Gage* v. *City of Chicago,* 207 id. 56; *Smith* v. *City of Chicago,* 214 id. 155; *Washington Park Club* v. *City of Chicago,* 219 id. 323; *Lyman* v. *Town of Cicero,* 222 id. 379; *Gage* v. *City of Chicago,* 223 id. 602; *Gage* v. *City of Chicago,* 225 id. 218; *Doran* v. *City of Murphysboro,* 225 id. 514; *City of Chicago* v. *MacChesney,* 240 id. 174.

Applying the rules of construction laid down in the cases already cited, it must be held that the difference in the description in the resolution and the ordinance was not willful or substantial. It will be noted that said section of the municipal code states that the sidewalk shall be fourteen feet wide unless otherwise specified in the order. This evidently means the order for the sidewalk. Moreover, the section does not say that only streets sixty-six feet in width shall have sidewalks fourteen feet wide, but that streets from sixty-six to eighty feet wide shall have sidewalks of that width. If any inference is to be drawn from the width of the sidewalk as provided in said section, it would necessarily be that the streets with fourteen-foot sidewalks vary as to the width of roadways. The most definite information in the record as to the width of the roadway can be obtained from the number of square feet of macadam paving, taken in connection with the length of the proposed improvement. The property owner, if he relied on the data before us, would conclude that the roadway to be paved was thirty feet.

Counsel for appellee relies upon *Gardner* v. *City of Chicago,* 224 Ill. 254. In that case the resolution of the board provided that "the present roadway" of East Ravenswood Park should be paved, while the roadway re-

quired to be paved by ordinance was six feet west of the then "present roadway." It was shown on the hearing that the proposed pavement on East Ravenswood Park was to be of uniform width throughout the length of the street, while the then "present roadway" was not of such uniform width. It is clear that there was a substantial variance in that case between the improvement proposed by the resolution and that provided for in the ordinance. That case, on its facts, is readily distinguishable from this.

Our attention has been called also to *County of Adams* v. *City of Quincy,* 130 Ill. 566, *Woods* v. *City of Chicago,* 135 id. 582, and other like cases, as supporting the contention of appellee. Those cases discuss the certainty of the description of the improvement required in the ordinance and have no direct bearing as to the description required in the resolution. Indeed, most of them were decided before the Local Improvement act, creating the board of local improvements, became a law.

On the facts in this record we are compelled to hold that the county court erred in deciding that there was a substantial variance between the resolution and the ordinance. The judgment of that court will therefore be reversed and the cause remanded, with directions to overrule the objection here considered and for further proceedings in harmony with the views herein expressed.

*Reversed and remanded, with directions.*