Per Curiam.
The plaintiffs, by their charter, were entitled to carry the road “ to the city of HudsonThis did not mean that the road was to terminate on arriving at the north bounds of the city, which are the middle of Major Abraham's creek, and several miles from the compact part of the city. The words are to receive a more reasonable interpretation, in reference to the subject matter, and the public object of the grant; which was to open a good road from Troy to the compact part of the city of Hudson. The words usque ad are sometimes to be taken inclusively, according to the subject matter. (1 Stra. 179—181.) Such must have been the universal understanding of the object, and of the words of the grant; and if there could otherwise have been any doubt on this point, it seems to be removed by the 10th section of the act. That section provides that no gate should be erected nearer than three miles from either extremity of the road, and yet allows a tollgate at or near the bridge to be erected over Major Abraham’s creek.
*399 it was proved by one who had surveyed the road, that the gate in question stood more than three miles from the head of i1Iain-stre~t, leading down through the compact parts of the city of Hudson~ The gate was therefore lawfully erected~ and the pulling it dawn was a trespass. The old Rensselaer road had nothing to do with the question. The plaintiffs had a right to lay out a road from Kinderhook landing to Hudson, as near the east bank of the river Hudson as the nature of the ground would admit, and it was for the commissioners appointed by the governor to determine whether the road was executed according to the act. And when the road was made and completed according to law, the gates were to be erected; and so far as the gates, or any of them, interfered with travelling on the old Rensselaer road, so far the use of the latter was contracted by the grant to the plaintiffs. This was the opinion of the court in the case of The People v. Denslow, (1 Caines’ Rep. 177.)
The fact of the trespass was admitted; and the possession of the gate was, in judgment of law, in the plaintiffs, the rightful owners of it, notwithstanding the toll had been mortgaged. The mortgage was of the income, and not of the road. They were entitled to their action of trespass at common law, and the penalty given by ihe statute was only an additional remedy. An action of trespass always lies at common law for an invasion of private property. It was a matter actionable at common law. (2 Inst. 199, 200.)
The plaintiffs are, accordingly, entitled to judgment.
Judgment for the plaintiffs.