Evans Royce *vs.* David Barnes.

An action on a promissory note made payable on time, with interest, cannot be defeated by proof that it was antedated by mistake, and not fraudulently.

When the holder of a note, that is made payable to himself or bearer puts it into the hands of an agent for collection, and the maker, when called on by the agent for payment, asks for time, and promises to pay it, and at the same time states that he has demands against the principal, which ought to be applied on the note, he is liable to an action on the note brought by the agent, in his own name, during the life time of the principal; and such action does not abate by the death of the principal.   But he is entitled to the·same right of set-off, in such action, as if the action had been brough~ in the name of the principal.

ASSUMPSIT on a promissory note for $100, dated June 19th 1839, signed by the defendant, and payable to Williams A. Royce, or bearer, in one year from date. The defendant pleaded the general issue, and filed a specification of his defence. He also filed in offset an account against Williams A. Royce.

At the trial in the court of common pleas, before *Colby*, J. the defendant introduced evidence tending to prove the matters set forth in his specification of defence, viz. that the note was antedated; that the property in the note was in W. A. Royce, the original promisee; that the plaintiff was only the agent of said promisee, at the time of the commencement of this action; and that said promisee had since died. He also introduced evidence tending to prove his account filed in offset.

The plaintiff then introduced evidence tending to prove that he called on the defendant for payment of the note, and that the defendant asked for further time for payment thereof, and said he would pay it, stating, at the same time, that he had demands against Williams A. Royce, the promisee, "which ought to apply on the note."

Upon this evidence, the defendant's counsel asked the judge to instruct the jury, that if they should find that the property in the note was in said Williams A. Royce, at the commencement of the action, and that the plaintiff was only his agent to receive payment thereof, and that said Williams A. was dead, then the present action could not be maintained.

The judge instructed the jury, that if the note was negotiated to the plaintiff, after it was overdue, or if, at the time of the commencement of this action, the property in the note was in Williams A. Royce, and the plaintiff was only his agent, or had only a naked authority to collect or sue it, the plaintiff might maintain this action; but that the defendant, in either case, might avail himself of all matters in defence, of which he could have availed himself if the action had been brought in the name of said Williams A.; and that if said Williams A. was living when the action was commenced it could not be abated by his death afterwards.

The judge also instructed the jury, that if the note was antedated by mistake, they might correct the mistake, but if it was antedated fraudulently, the plaintiff could not recover.

The jury returned a verdict for the plaintiff, for the amount of the note, deducting therefrom the amount of the account filed in offset by the defendant. Exceptions were alleged, by the defendant, to the foregoing instructions.

*H. Hubbard & Twining,* for the defendant. The plaintiff, being a mere depositary or other bailee of the note, which was never negotiated, cannot maintain an action thereon in his own name. *Sherwood* v. *Roys,* 14 Pick. 172. *Gunn* v. *Cantine,* 10 Johns. 387. *Thatcher* v. *Winslow,* 5 Mason, 58. The plaintiff's authority was revoked by the death of W. A. Royce, and he could not afterwards prosecute the action. *Harper* v. *Little,* 2 Greenl. 14. 2 Kent Com. (3d ed.) 645, 646.

*Merwin,* for the plaintiff, relied on *Little* v. *Obrien,* 9 Mass. 423, and *Beekman* v. *Wilson,* 9 Met. 434.

WILDE, J. The only question of any difficulty in this case is, whether the plaintiff was legally authorized to commence the action in his own name ; for if he was, we think it very clear that the writ was not abated by the death of Williams A. Royce ; nor was it any valid objection that the note in suit was antedated by mistake, and not fraudulently.

As to the main question, the objection is, that the property in the note sued was in Williams A. Royce at the commencement of the action, and that the plaintiff was his agent, and had only authority to sue and collect it for him. This objection would be supported by the cases cited by the defendant's counsel, but for the evidence reported, which was introduced by the plaintiff's counsel. That evidence tended to prove, and it has not been questioned that it did satisfactorily prove, that the plaintiff, before commencing the action, called on the defendant for the payment of the note, and that the defendant asked for further time for payment, and then promised the plaintiff to pay it. After this promise, we think it was not competent for the defendant to question the plaintiff's right to sue in his own name.

In the case of *Gunn* v. *Cantine*, 10 Johns. 389, it was intimated by the court, that if there had been "an express promise by the defendant to pay the money to the plaintiff," the action would have been sustained. Considering, as we do, that such a promise was proved in this case, we think the action is well sustained, and that the instructions to the jury were substantially correct. No injustice has been done to the defendant, by the ruling of the court or the verdict of the jury. He was allowed to avail himself of all matters in defence, which he might have done if the action had been brought in the name of Williams A. Royce, the original promisee.

The jury allowed the defendant all he claimed by way of set-off; so that full justice has been done. And a new trial ought not to be granted for any verbal inaccuracy or defect in the instructions, not affecting the merits of the case, if any such there are.

*Exceptions overruled.*