HENRY H. GAGE *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 23, 1906—Rehearing denied Dec. 11, 1906.*

1. SPECIAL ASSESSMENTS—*affidavit of mailing notices need not recite the names of all tax-payers and occupants.* The affidavit required by section 34 of the Local Improvement act to show the mailing of notices to each person who paid the taxes for the preceding year and to each occupant of the premises is sufficient if it shows that notice was mailed to each tax-payer and occupant, and it is not necessary that it recite the names of the persons to whom the notice was mailed.

2. SAME—*when an ordinance is sufficiently certain as to incline and location of sidewalk.* An ordinance providing that the sidewalk to be constructed shall conform to the grade of the space between the curb line and the street line, which grade shall be a uniform incline from the curb line to the street line of one inch in every three feet and shall be constructed at a line parallel with and one foot from the lot line, is sufficiently certain as to the incline of the walk and its location with reference to the property line.

3. SAME—*what is not a variance between recommendation and the ordinance.* Failure of the recommendation of the improvement board to except from a sidewalk improvement the roadways of intersecting streets and alleys, steam railroad rights of way and places where sidewalks already existed, whereas such exceptions are made in the ordinance, does not constitute a variance between the recommendation and the ordinance such as invalidates the assessment.

4. SAME—*when an ordinance is properly admitted in evidence though it contains interlineations.* An improvement ordinance is properly admitted in evidence in a special assessment proceeding although it contains interlineations and has one paragraph stricken out, where it is shown that the ordinance was originally prepared upon a printed form and the changes were made before the ordinance was passed and approved.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

F. W. BECKER, for appellants.

CHAS. H. MITCHELL, and JOHN M. O'CONNOR, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The city of Chicago filed its petition in the county court of Cook county for the confirmation of a special assessment for the construction of cement sidewalks six feet wide on both sides of Railroad avenue from the south and southerly curb of Seventy-third street to the north and northerly curb of Seventy-fifth street. Appellants filed objections, which were overruled and judgment of confirmation rendered. To reverse that judgment an appeal has been prosecuted to this court.

It is first insisted that the notices sent out under section 34 of the Local Improvement act were not sufficient, because they did not specifically designate by name the occupant of each piece of land to be assessed and did not describe the specific ordinance under which the walks were to be constructed or give data from which the property owners could know that their property was to be assessed. Section 34 provides that notice of the passage of such ordinance shall be sent by mail within ten days after such passage to the person who paid the taxes on said premises for the preceding year, if he or they can be found in said county, and also a like notice addressed to the occupant of said premises, if the same be at such time occupied, and an affidavit of such service shall be filed with the final report of such assessment, and such affidavit shall be *prima facie* evidence of a compliance with said requirement. To show compliance with this section appellee offered in evidence the affidavit of Charles T. Lacey, which, in substance, was, that at the request and under the direction of the superintendent of special assessments he caused to be sent by mail, on March 22, 1905, postpaid, to each person who paid the taxes for the preceding

year on the respective lots, pieces and parcels of land front-
ing on the improvement, and to each occupant thereof, a
notice of the passage of said ordinance, a substantial copy
of the same being as follows:

"Mr. (here name was given): You are hereby notified that
the city council of the city of Chicago did, on the (here date of
passage of ordinance was given) pass an ordinance that a side-
walk be built on (here a description of the nature of the improve-
ment was given). The owner of any lot or piece of land fronting
on such sidewalk is allowed forty days after the time at which said
ordinance shall take effect in which to build (in conformity to the
requirements of said ordinance) such sidewalk opposite to his
land and thereby relieve the same from assessment.
(Here date was given.)                    JOHN A. MAY,
      *Sec. Board of Local Improvements of City of Chicago."*

While it is true the affidavit does not specifically desig-
nate the names of the persons who paid the taxes on each
separate piece and parcel of real estate affected by the ordi-
nance nor designate by name the specific occupant of each
separate piece, yet it does show that to each of such persons
was mailed a copy of the notice, and in no instance is it
claimed that appellants, or any other person required by the
statute to receive a copy of the notice, did not receive the
copy so mailed to them. All that the statute requires is, that
to each person who paid the taxes the year previous, and to
each occupant of the premises, shall be mailed a copy of the
notice, and the affidavit in this record shows this was done.
The notice was sufficient to inform the owner or occupant
of the nature of the improvement and of the premises af-
fected by the ordinance.

It is next insisted that the ordinance is uncertain as to
the incline of the walk and its location with reference to the
property line. It provides that the walk shall conform to
the grade of the space between the curb line and the street
line, which grade shall be a uniform incline from the curb
line to the street line of one inch in every three feet, and
shall be constructed at a line parallel with and one foot

from the lot line on each side of the street. It is urged that the incline described in the ordinance may be either ascending or descending from the curb line to the street line, and that the one foot from the lot line as provided in the ordinance may mean one foot either way, on the lot line or on the street line. There can be no reasonable ground of argument as to either of these points. The term "lot line" or "property line" has a well known and understood meaning. The fee to the streets and sidewalks is in the city. The property line or lot line extends only to the inner edge of the sidewalk. If the walks were to be constructed one foot from the lot line that description definitely defines the location so there could be no mistake. The term "uniform incline from the curb line to the street line of one inch in every three feet" certainly is definite enough so that any contractor would know the exact grade upon which to build the walk.

It is claimed by appellants that there is a variance between the recommendation of the board of local improvements and the ordinance as to the extent of the improvement, the former describing the walk as extending the entire distance from Seventy-third street to Seventy-fifth street, and the latter excepting the roadways of all intersecting streets and alleys, all steam railroad rights of way, the frontage of several lots mentioned and the intersection at Seventy-fourth street. The recommendation of the board manifestly could not be interpreted to include street and alley intersections and the railroad rights of way, or those lots in front of which there were already walks. In the case of *City of Chicago* v. *Hulbert,* 205 Ill. 346, having disposed of other objections, we said (p. 363) : "The complaint in the case at bar that the street intersections were not excepted when the curbing was provided for seems to us to fall within the same class of objections and defects. It would be hard to conceive of a contractor who had so little intelligence as one that would bid upon a public improvement like the paving of a street and not know that the curbs on the

sides of the street were not to extend across street intersections." The terms used in both the recommendation and the ordinance were substantially the same and covered substantially the same territory, and were such that a contractor of average intelligence would know the property in front of which the walks were to be constructed.

To make out a *prima facie* case the city offered in evidence certified copies of the recommendation, estimate and ordinance. These documents were objected to on the ground that they contained material interlineations and alterations. The words "northerly" and "southerly" had been interlined in the description of the location of the walk, as follows: "From the south [and southerly] curb of Seventy-fifth street." Section 4 of the ordinance was stricken out by lines drawn through it. James M. Grimm testified on behalf of the city that the ordinance was originally drawn upon a printed form, and that the words inserted and the paragraph stricken out were changed before it was presented to or passed by the city council. The words inserted were not material alterations, and the changes having been made before the ordinance was passed and approved, the court committed no error in overruling this objection.

The engineer's estimate stated that it included labor, material, "and all other expense attending the same, as provided by law." It is urged that among the items are making and levying the assessment, letting and executing the contract, making and returning the assessment roll and advertising for bids, all of which are to be paid for out of the general fund, and that under the terms of the engineer's estimate these items were included in the special assessment. It is sufficient to say that while the estimate of the engineer does state that it contains all the other expenses attending the same, as provided by law, the estimate itself, as it appears in the record, is itemized, and among the various items therein specifically stated none of those pointed out by appellants are included.

We find no reversible error in the proceedings below, and the judgment of the county court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTER took no part in the decision of this case.