HATTIE N. WAITE *et al.*

*v.*

COMMISSIONERS OF GREEN RIVER SPECIAL DRAINAGE DIST.

*Opinion filed February 21, 1907—Rehearing denied April 4, 1907.*

1. NOTICE—*question in construing notices is whether object of the law was substantially attained.* The real question in construing notices is not whether the notice is formally and technically correct, but whether the object of the law was substantially attained thereby.

2. SAME—*proper seal presumed to have been attached.* Where the word "seal" appears in the copy of a notice required by law, it will be presumed, until the contrary is shown, that the public official who signed the notice attached the proper seal, even though he describes himself in his several capacities as county clerk, clerk of the county court and *ex officio* clerk of a special drainage district.

3. DRAINAGE—*when notice of filing a condemnation petition is not defective.* Failure of the notice required by section 57 of the Farm Drainage act of 1885 (Laws of 1885, p. 97,) to state in what capacity the persons were notified, and in not inserting the words "against you" before the words "when and where you can appear and assert your rights," the same as such words are inserted in the form of notice required by section 19 of the same act, does not invalidate the notice.

4. SAME—*effect where the notice is signed by person in several capacities.* A notice conforming substantially to the form prescribed by section 57 of the Farm Drainage act is not invalid because the person signing the same describes himself as county clerk and clerk of the county court, as well as *ex officio* clerk of the particular drainage district to which the notice applies.

5. SAME—*the return may be amended to show facts.* Upon the hearing of a condemnation proceeding in a farm drainage case, the return showing personal service upon a defendant may be corrected to show the true date when such service was had, where no rights of third parties have intervened.

6. SAME—*person who made the original service is proper person to amend the return.* A deputy sheriff who made the original service and the original return of a farm drainage notice is the proper person to amend the return, and it is immaterial that the person who was acting as sheriff at the time of the original return is out of office at the time the return is amended.

7. COSTS—*when costs may be taxed to defendant in error though judgment is affirmed.* Where, at the time a writ of error is sued out, there are, in the record, errors for which defendant in error is responsible, but the latter subsequently files a supplemental record in which the errors are obviated, it is proper, upon affirmance by the Supreme Court, to tax the costs in that court to the defendant in error.

WRIT OF ERROR to the County Court of Henry county; the Hon. T. H. CHESLEY, Judge, presiding.

GEORGE W. & JOSEPH L. SHAW, for plaintiffs in error.

GEORGE S. SKINNER, and HENRY WATERMAN, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

April 5, 1906, the commissioners of Green River Special Drainage District filed a petition in the county court of Henry county to condemn the right of way over the lands of plaintiffs in error and others. Hattie N. Waite entered a special appearance for the purpose of moving to quash the notice, and on her motion being overruled, excepted, and made no further appearance. The other plaintiffs in error did not appear in any way. On trial before the jury a verdict was rendered for damages for plaintiffs in error and judgment entered for the amounts in their favor, authorizing the district to take the right of way on paying or tendering the amount. The record of the county court in these proceedings affecting the property of plaintiffs in error is brought here by writ of error for review.

The original record was filed in this court October 29, 1906. Later, by leave of court, a supplemental record was filed. Since the filing of this last record we do not understand that plaintiffs in error make any point upon the affidavit as to non-residence. Whatever defect there was in the original record on this point we think has been corrected by the filing of the supplemental record.

These proceedings were brought under the Farm Drainage act of 1885. The publication notice given to the property owners is objected to as not in conformity with the act, and especially with section 57. (Hurd's Stat. 1905, p. 817.) The notice, as shown by the certificate of publication, was in the following form:

"*Notice of Petition for Condemnation.*

"STATE OF ILLINOIS, } ss.
    *Henry County.* }

"*The People of the State of Illinois:* To Hattie N. Waite, Laura N. Waite, Hattie M. Barnes, Ruth M. Dedrick: * * * You are hereby notified that a jury has been called to meet before the county judge of the county court of the county of Henry, State of Illinois, at the court house in said county, on the 23d day of April, A. D. 1906, at 10 o'clock A. M., for the purpose of assessing damages in the matter of the Green River Special Drainage District in Henry and Bureau counties and State of Illinois, when and where you can appear and assert your rights if you desire.

"Cambridge, Illinois, April 5, A. D. 1906.

Attest:                                    F. G. WELTON,
                    County clerk of said Henry county and clerk
                    of the county court of said Henry county,
(Seal.)           and *ex officio* clerk of the Green River Special Drainage District in Henry and Bureau counties and State of Illinois."

It is first insisted that this notice is faulty in not stating in what capacity the persons were notified; that there should have been inserted before the last clause, beginning, "when and where you," etc., the words "against you," in the same manner that those words are inserted in the form of the notice given in section 19 of this act, (Hurd's Stat. 1905, p. 804,) or some other wording to inform the parties that they were the defendants in the proceedings. We think this notice is "substantially in the form" required by said section 57. This court has often held that the real question in construing notices "is and should be, not whether the notice is formally and technically correct, but whether the object and intent of the law were substantially attained thereby." *Gage* v. *People,* 223 Ill. 410, and cases there cited; see, also, *Gage* v. *City of Chicago,* 223 Ill. 602.

226—14

This section of the statute also requires that the notice "shall be signed by the clerk and attested by his seal of office." It is earnestly contended that this notice was not properly signed by that officer. He signed in three capacities,—county clerk, clerk of the county court and *ex officio* clerk of the drainage district. The notice stated that the persons should appear before the county judge, stating the place and time. No one would be misled in these respects by the different titles following the officer's name. He should have signed himself only as clerk of the county court. But he was not only clerk of the county court, but county clerk, and signing himself *ex officio* clerk of the drainage district, instead of misleading, would tend to make more clear the purpose for which the parties were notified to appear. In this respect we think the object of the law was "substantially" attained and that the mistake in the notice is not reversible error in view of the authorities heretofore cited, and especially under *Michael* v. *Mace,* 137 Ill. 485. This conclusion in no way conflicts with the reasoning of this court in *McChesney* v. *People,* 174 Ill. 46, and *McCraney* v. *Glos,* 222 id. 628, and other cases cited in the briefs.

In the copy of this notice it will be noted that at the left of the signature is the word "seal." It is urged there is nothing to indicate whether it was the seal of the officer as county clerk or clerk of the county court or as clerk of the drainage district. Plaintiffs in error have brought this record here, and if they wished to raise this point they should have set out clearly what the seal showed. The presumption always is that public authorities do their duty, and it will therefore be presumed, until the contrary is shown, that the public official who signed this notice attached the proper seal. *City of Peoria* v. *Central Nat. Bank,* 224 Ill. 43; *Lyman* v. *City of Chicago,* 211 id. 209.

The hearing of these proceedings was set in the county court for April 23, 1906. The original record as filed in this court shows that personal service was had on plaintiffs

in error Laura N. Waite and Hattie N. Waite on April 19, 1906. Said section 57 of the Drainage act requires that such service shall be at least five days before the hearing. Service on April 19 would be only four days before the hearing. It appears that this service was made by a special deputy sheriff, and that originally, in making the first return as filed in the county court of Henry county, he showed the service to have been made on April 19. At the December term of that court, on due notice to plaintiffs in error, defendants in error appeared and asked leave to have this return corrected by the special deputy so as to show the date of the true service. Over the objection of counsel for plaintiffs in error the court allowed the special deputy, John M. Costello, to amend his return showing that said Hattie N. Waite and Laura N. Waite were actually served on April 18, 1906, and in the supplemental record filed herein this correction is shown. Plaintiffs in error earnestly insist that these drainage proceedings being purely statutory and the statute containing no provision allowing such amendment of the return, the trial court had no authority to permit it after the April term, at which the judgment was originally entered; that chapter 7, on Amendments and Jeofails, (Hurd's Stat. 1905, p. 142,) does not apply to this special statutory proceeding.

In *Hinkle* v. *City of Mattoon,* 170 Ill. 316, where the notice to bring the parties into court was amended in a special assessment proceeding, we said (p. 319) that it "may be amended at any time after judgment so as to show the truth as to what was really done in the way of service, upon due notice to parties interested, where the rights of third parties, acquired in good faith, have not intervened,"—citing other decisions, and section 2 of said chapter 7, on Amendments and Jeofails. It is elementary that special assessment proceedings are purely statutory. (*Davis* v. *City of Litchfield,* 145 Ill. 313; *Lyman* v. *City of Chicago, supra.*) In Dillon on Municipal Corporations (vol. 2,—2d ed.—sec. 605,) the author puts special assessment proceedings and

proceedings for the exercise of eminent domain, on this point of strict construction of statutes, in the same class, stating: "It is important to bear in mind that the authority to municipalities to impose burdens of any character upon persons or property is wholly statutory, and as its exercise may result in a divestiture and transfer of property it must be clearly given and strictly pursued. This rule applies  *  *  *  to proceedings by municipal corporations under the delegated right of eminent domain, and it extends equally to proceedings under the taxing power, including special assessments for local improvements." Due notice having been given to the plaintiffs in error and no rights of third parties having intervened, the trial court had full authority to allow this amendment to the return after the term had passed at which judgment was entered.

It is also objected that the amendment is not in accordance with the leave of court, in that the leave only permitted the return to be amended by Costello, while the amended return is signed by the sheriff, by John M. Costello, special deputy sheriff. At the time the amendment was made, the one who was acting as sheriff when the original judgment was entered was out of office, his successor having been elected in the meantime. Under the decisions of this court the man who actually made the original service and original return is the one to amend it, even though out of office. (*Howell* v. *Albany City Ins. Co.* 62 Ill. 50; *County of LaSalle* v. *Milligan,* 143 id. 321.) Costello, acting as deputy sheriff, made the original return. He was the one to make the amendment.

In view of the mistakes in the original record filed herein, as set out heretofore in this opinion and for which defendants in error must be held responsible, we deem it but just to tax the costs in this court to defendants in error.

Finding no reversible error in the record as amended the judgment of the county court will be affirmed.

*Judgment affirmed.*