THE VILLAGE OF OAK PARK, Appellee, *vs.* A. T. GALT, Appellant.

*Opinion filed December 17, 1907.*

1. SPECIAL ASSESSMENTS—*engineer's estimate need not go into minute details.* While the engineer's estimate of cost must be something more than the gross sum in one item, yet it is not essential that all the minute details which go into the improvement be set out in separate items.

2. SAME—*"Y" junctions are included in an item for sewer pipe connections.* An item in the engineer's estimate stating the estimated cost of a specified number of iron catch-basins, "including nine-inch sewer pipe connections," must be regarded as embracing "Y" junctions specified in the ordinance and without which the connections would be incomplete.

APPEAL from the County Court of Cook county; the Hon. WILLIAM L. POND, Judge, presiding.

HUFF & COOK, for appellant.

CHARLES H. WELLS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from confirmation in the county court of Cook county of a special assessment levied by the village of Oak Park for the purpose of constructing a tile-pipe sewer in certain streets therein, together with necessary catch-basins, man-holes and junctions, at an estimated cost of $11,368.

The estimate of the engineer is in four items. The only one complained of by appellant is the following: "Forty-six iron catch-basins seven feet deep, including nine-inch sewer pipe connections fifteen feet long, $1840." It is insisted that this item in the estimate is faulty because it does not specifically name the nine-inch "Y" junctions which the ordinance provides shall be used in the construction of the improvement.

Obviously, from this record the sewer pipe connections would not be complete and could not be built without "Y" junctions. Contractors and those familiar with this class of work would necessarily so understand. The item of the estimate criticised was plainly intended to cover all sewer pipe connections. No other conclusion could fairly be drawn from this reading. The extent to which separate items are to be set down in the estimate depends upon the nature of the improvement. While the estimate must be something more than the gross sum in one item, (*City of Peoria* v. *Ohl*, 209 Ill. 52,) still it is not necessary to have the minute details as to all materials that go into an improvement set out in different items. Only the substantial, component elements of the improvement are required to be placed in separate items. *Lyman* v. *Town of Cicero,* 222 Ill. 379; *MacChesney* v. *City of Chicago,* 227 id. 215; *Northwestern University* v. *Village of Wilmette,* 230 id. 80; *Chicago and Western Indiana Railroad Co.* v. *City of Chicago,* id. 9; *Gage* v. *Village of Wilmette,* id. 428.

The "Y" junctions are fairly included in the item of the estimate referred to, and the judgment of the county court will be affirmed.             *Judgment affirmed.*