THE CITY OF CHICAGO, Appellee, *vs.* HENRY H. GAGE, Appellant.

*Opinion filed December 15, 1908.*

1. SPECIAL ASSESSMENTS—*ordinance is necessarily more specific than the resolution.* An ordinance for a local improvement must be consistent with the resolution and cannot change the nature, character, locality or description of the improvement, but as the ordinance is the basis of the contract it must necessarily be more specific than the resolution, and specify with particularity the details of the work to be done and the materials to be used.

2. SAME—*what is not an evident variance between resolution and improvement.* Whether the combination of asphaltic cement, sand and carbonate of lime specified in the ordinance is a variance from the term "asphalt," used in the resolution, is not a matter of which the courts could take judicial notice but is a matter of fact, which it is the duty of an objector to establish by proof.

3. SAME—*when ordinance does not vest improper discretion as to selection of material.* A provision of an ordinance that one of the ingredients of the concrete shall be "torpedo sand or limestone screenings or other material equal thereto for concrete purposes" does not render the ordinance uncertain nor vest in the city authorities an improper discretion in the selection of the material.

4. SAME—*estimate need not set out in detail all separate items of material and labor.* An estimate containing an item for the construction of "one new catch-basin" and an item for "adjusting sewers, catch-basins and man-holes," covers the construction of a catch-basin provided in the ordinance to be built of brick on a two-inch plank floor, connected with the sewer by a nine-inch tile-pipe and a "Y" branch trapped with a half-trap and provided with a cast-iron cover.

APPEAL from the County Court of Cook county; the Hon. LEWIS RINAKER, Judge, presiding.

F. W. BECKER, for appellant.

GEORGE A. MASON, and WILLIAM T. HAPEMAN, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from a judgment of confirmation of a special assessment against certain lots of the appellant for the improvement of South Paulina street, in the city of Chicago. Appellant's objections insisted upon here are a variance between the resolution of the board of local improvements and the ordinance, that the ordinance failed to prescribe the nature, character, locality and description of the proposed improvement, and that the estimate of the cost was void.

The resolution provided for paving with asphalt on six inches of Portland cement concrete, swept with natural hydraulic cement. The ordinance provided for a foundation of six inches of Portland cement concrete, made of one part cement, three parts torpedo sand, limestone screenings or other material equal thereto for concrete purposes, and six parts of limestone or other stone equal in quality for concrete purposes, a binder course of limestone and asphaltic cement, and a wearing surface composed of seventeen parts asphaltic cement, seventy-three parts sand and ten parts of pulverized carbonate of lime, swept with natural hydraulic cement. The resolution and ordinance must agree as to the nature, character, locality and description of the improvement. A substantial variance in any of these particulars is fatal to the assessment, and numerous cases may be found where assessments have been defeated on this ground. The resolution is not, however, expected to go into such minute detail of description as the ordinance or to give a particular specification of the proposed improvement. The object of the resolution is to furnish such a general description of the proposed improvement and its estimated cost as will give the property owners a general understanding of what is proposed to be done and the cost of doing it. The ordinance must be consistent with the resolution, and cannot change the nature, character, locality or description

of the improvement. But since it forms the basis of the contract for the improvement it is necessarily more particular than the resolution is required to be, and must specify with particularity and exactness the precise details of work to be done and materials to be used. *Gage* v. *City of Chicago,* 225 Ill. 218; *Ogden, Sheldon & Co.* v. *City of Chicago,* 224 id. 294; *McLennan* v. *City of Chicago,* 218 id. 62.

The variance claimed here is in the materials to be used. The resolution calls for a Portland cement concrete base and an asphalt surface. The ordinance specifies particularly the materials and proportions of which the concrete and the asphalt shall consist. We are asked to take judicial notice that the combination of asphaltic cement, sand and carbonate of lime mentioned in the ordinance is not the asphalt mentioned in the resolution. It is said that the terms are apparently variant, and if they were reconcilable by extraneous evidence it was the duty of the city to introduce the evidence to reconcile them. On the contrary, the city is entitled to judgment unless the inconsistency complained of is made to appear. We have no judicial knowledge of the chemical or mechanical composition of asphalt. Whether the combination mentioned in the ordinance is the asphalt mentioned in the resolution is a question of fact, as to which the objector has the burden of proving his contention. It is not a fact of common knowledge of which a court can take judicial notice.

The provision of the ordinance that one of the ingredients of the concrete shall be "torpedo sand or limestone screenings or other material equal thereto for concrete purposes," does not render the ordinance uncertain or give an improper discretion in the selection of material to be used. In *Village of Oak Park* v. *Galt,* 231 Ill. 365, a paving ordinance provided that the wearing surface should be "a layer of re-pressed brick, either Metropolitan Block of Canton, Ohio, or brick equally good to be approved by the board of local improvements," and the same objection made here

was overruled. So in *Jones* v. *City of Chicago*, 213 Ill. 92, an objection that the language of the ordinance "that seven parts best quality of broken limestone, or other stone which shall be equal in quality for concrete purposes," was indefinite and uncertain was held to be of no substantial merit. It is proper to permit a reasonable selection from materials all of which are adapted to the use intended, and to refer to a standard of quality and fitness to which the material shall conform. This provision vests no improper discretion in the city authorities, for, while the work must be done under their supervision, the question whether the improvement has been constructed substantially in conformity with the ordinance is finally to be determined by the court in which the assessment was confirmed.

The estimate contains the item, "constructing one new catch-basin, at $50." The ordinance provides that the catch-basin shall be built of brick on a two-inch pine-plank floor, connected with the sewer by a nine-inch tile pipe and a "Y" branch trapped with a half trap, and provided with a cast-iron cover. It is objected that the estimate is defective because it mentions none of these items. The estimate states that it includes labor and materials, and contains an item for "adjusting of sewers, catch-basins and man-holes, $485." It is not necessary for the estimate to set out in minute detail all the separate items of material and labor which go into the improvement. Only the substantial component elements of the improvement are required to be placed in separate items. (*Village of Oak Park* v. *Galt*, 231 Ill. 482; *Chicago and Western Indiana Railroad Co.* v. *City of Chicago*, 230 id. 9.) The materials composing the catch-basin and its connection with the sewer are included in the estimate.

The judgment is affirmed.      *Judgment affirmed.*