THE CITY OF CHICAGO, Appellant, *vs.* NATHAN WILLIAM MACCHESNEY *et al.* Appellees.

*Opinion filed April 23, 1909—Rehearing denied June 3, 1909.*

1. SPECIAL ASSESSMENTS—*the Sanitary District act did not deprive cities of the power to construct sewers.* The power of cities within the Sanitary District of Chicago to construct sewers for local drainage by special assessment was not taken from such cities and vested in the sanitary district by the Sanitary District act. (*City of Chicago* v. *Green,* 238 Ill. 258, followed.)

2. SAME—*engineer may include a small amount of extra sewer pipe to cover breakage.* The fact that the engineer's estimate for a sewer improvement includes some twenty feet more sewer pipe than may be required is not ground for objecting to the assessment, as such a small amount may properly be included to cover possible breakage.

3. SAME—*provision for sewer "to" a certain street may be held to mean "to a point" in such street.* A provision in the resolution that a sewer shall be constructed from Seventy-first street "to" Seventy-third street may be held to mean "to a point" in Seventy-third street and thereby reconcile the resolution with the ordinance providing for the sewer to extend to the main sewer in Seventy-third street, which is in the center of the street.

4. SAME—*fact that provision for house-slants does not except streets is not material.* The fact that the provision in a sewer ordinance for house-slants opposite each twenty-five abutting feet of each lot, piece or parcel of land does not except street intersections along the line of the sewer is not material, as such streets do not abut upon the sewer but cross it.

5. SAME—*judgment should be confirmed as to property not objected for.* It is error to refuse to enter a judgment of confirmation against property for which no objections are filed.

APPEAL from the County Court of Cook county; the Hon. LEWIS RINAKER, Judge, presiding.

GEORGE A. MASON, and WILLIAM T. HAPEMAN, (ED-
WARD J. BRUNDAGE, of counsel,) for appellant.

MACCHESNEY, BECKER & BRADLEY, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application in the county court of Cook
county for the confirmation of a special assessment levied
to pay for constructing a sewer in Coles avenue, in the
city of Chicago, from Seventy-first to Seventy-third street.
The appellees appeared and filed objections to confirmation
as to their property, which were sustained and the pro-
ceedings as to the appellees' lands were dismissed, and the
city has prosecuted an appeal.

In support of the judgment of the county court the fol-
lowing contentions are urged by the appellees:

*First*—That the power to construct said sewer is vested
in the Sanitary District of Chicago. This question was
raised and disposed of adversely to the contention of ap-
pellees in *City of Chicago* v. *Green*, 238 Ill. 258.

*Second*—That the estimate of the engineer includes
fifty-three feet more sewer pipe than is required to con-
struct the improvement. The evidence does not show this
contention to be true. The presumption is that the esti-
mate of the engineer is correct, and that presumption was
not overcome by proof. In no event was there more than
an excess of twenty feet of sewer pipe included in the es-
timate, and that small amount might properly have been
included by the engineer to cover breakage.

*Third*—That there is a variance between the first reso-
lution and the ordinance. The resolution provided for a
sewer from Seventy-first street to Seventy-third street, and
the ordinance for a sewer from Seventy-first street to the
main sewer in Seventy-third street, which main sewer is
in the center of Seventy-third street. Seventy-third street
is sixty-six feet wide, and it is said that the ordinance pro-

vides for the construction of thirty-three feet more sewer than the resolution. The word "to," as used in the resolution, may be properly held to mean to a point within Seventy-third street, which will remove the apparent conflict between the resolution and the ordinance. (Anderson's Law Dict. 1037; *Farmers' Turnpike* v. *Coventry,* 10 Johns. 389; *McCartney* v. *Chicago and Evanston Railroad Co.* 112 Ill. 611.) In *Gage* v. *City of Chicago,* 223 Ill. 602, the resolution described the walk as extending the entire distance from Seventy-third street to Seventy-fifth street, while the ordinance excepted the roadways, alleys and steam railroad rights of way intersections, and it was held there was no variance between the resolution and ordinance. (See, also, *McLennan* v. *City of Chicago,* 218 Ill. 62; *Ogden, Sheldon & Co.* v. *City of Chicago,* 224 id. 294; *Gage* v. *City of Chicago,* 225 id. 218.) We do not think there was a material variance between the resolution and ordinance.

*Fourth*—That the ordinance is unreasonable in this: that it provides one house connection slant shall be placed in said sewer opposite each twenty-five abutting feet of each lot, piece or parcel of land, and the street intersections along said line of sewer are not excepted. A street intersection may be a parcel of land, but it cannot be said to be a parcel of land abutting upon a sewer. It crosses the sewer.

*Fifth*—It is said the abstract does not show the objections of appellee MacChesney. This is true. Neither does the record show any objections filed on the part of MacChesney. If MacChesney filed no objections it was error to deny confirmation.

The judgment of the county court will be reversed and the cause remanded.

*Reversed and remanded.*