THE CITY OF CHICAGO, Appellee, *vs.* GEORGIE L. UNDERWOOD, Appellant.

*Opinion filed February 20, 1913—Rehearing denied April 3, 1913.*

1. SPECIAL ASSESSMENTS—*estimate need not give detailed items of amount or character of material.* The Local Improvement act only requires the engineer's estimate to be itemized to the satisfaction of the board of local improvements, and, so far as the property owners are concerned, the estimate is sufficiently definite if it gives them a general idea of the estimated cost of the substantial component elements of the improvement. (*Hulbert* v. *City of Chicago,* 213 Ill. 452, and *Connecticut Mutual Life Ins. Co.* v. *City of Chicago,* 217 id. 352, followed.)

2. SAME—*the engineer's duty is merely to estimate cost of improvement described in the resolution.* It is the duty of the engineer to estimate the cost of the improvement described in the resolution of the board of local improvements, but it is not his duty to determine the character of the materials that will be necessary for the improvement.

3. SAME—*when estimate as to the cost of catch-basins is sufficiently specific.* An item in the engineer's estimate for "construct-

ing six new catch-basins, complete, at $50, $300," is sufficiently definite, so far as the property owners are concerned, even though it does not state the kind of material to be used or the size of the catch-basins. (*Doran* v. *Murphysboro, 225* Ill. 514, explained.)

4. SAME—*it will not be presumed that item of estimate is excessive.* An item in the engineer's estimate, "for adjusting sewer man-holes and catch-basins and constructing and connecting catch-basin inlets, $1568," will not be presumed to be the result of mistake or fraud on the part of the engineer, and such item will be sustained where there is no proof of such facts.

5. SAME—*when objection that no provision has been made for moving obstructions in street cannot be sustained.* An objection to the confirmation of a paving assessment upon the ground that no provision has been made for the removal of certain telegraph poles and grass and underbrush in a part of the street cannot be sustained, where the removal of the grass and underbrush is included in the grading, and there is nothing to show that the city has estopped itself in any way to exercise its power to require the removal of the telegraph poles without cost to the city.

APPEAL from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

DANIEL S. WENTWORTH, (HOLDOM, MANIERRE & PRATT, of counsel,) for appellant.

PHILIP J. McKENNA, and FRANK JOHNSTON, JR., (WILLIAM H. SEXTON, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from the judgment of the superior court of Cook county overruling the legal objections of Georgie L. Underwood and confirming a special assessment against her lands for the cost of curbing, grading and paving Sixty-ninth street from South Park avenue to Vincennes road, in the city of Chicago. Three errors are relied upon for a reversal, and are as follows: (1) That the court erred in overruling the legal objection that the engineer's estimate as to new catch-basins to be constructed is

indefinite; (2) that the court erred in overruling the legal objections of appellant to the estimate in regard to the reconstruction of the man-holes and catch-basins, so far as the contemplated improvement, and the estimate thereof, included the adjustment of man-holes in the right of way of the street car company; (3) that there was error in overruling the objection that it was necessary to have provided for the removal of obstructions along the right of way,—that is to say, telegraph poles in the south half of the roadway to be constructed. These errors will be considered in the order in which they have been stated.

*First*—The portions of the estimate of the engineer upon which the first and second assignments of error are based are as follows: "Constructing six new catch-basins, complete, at $50, $300; adjusting sewer man-holes and catch-basins and constructing and connecting catch-basin inlets, $1568." Appellant makes different objections to these two items in the engineer's estimate, which renders it necessary to consider them separately.

The objection to the estimate of $300 for "constructing six new catch-basins" is, that the estimate is insufficient because it fails to mention the material of which the catch-basins are to be constructed and fails to state the dimensions. It is shown that catch-basins may be constructed of various kinds of material and of different sizes, and that the cost will vary according to the material used and the dimensions of the catch-basins to be constructed. It is argued that it is essential to the rights of the property owner that he should have information as to the nature and character of the proposed improvement, so that he may intelligently consider and act upon the questions that will come before the public hearing. Conceding that the property owner should be given information as to the general nature and character of the proposed improvement, it does not follow that such information must be afforded by the estimate of the engineer. The board of local improvements

is authorized, either with or without a petition, to originate
a local improvement to be paid for by special assessment,
and the statute provides that in either case the board of
local improvements shall adopt a resolution describing the
proposed improvement, which resolution shall be at once
transcribed into the records of the board. The statute also
provides that by the same resolution a day and hour shall
be fixed for a public hearing, which shall be not less than
ten days after the adoption of such resolution. The statute
further provides: . "Said board shall also cause an esti-
mate of the cost of such improvement (omitting land to
be acquired) to be made in writing by the engineer of the
board (if there be one; if not, then by the president) over
his signature, which shall be itemized to the satisfaction of
said board and which shall be made a part of the record
of such resolution." The next step required to be taken
is the notice of the time and place of the public hearing,
which must be sent by mail, addressed to the person in
whose name the property fronting on the proposed im-
provement was assessed. The notice must contain the sub-
stance of the resolution adopted by the board and estimate
of the cost of the proposed improvement, and a notification
that the extent, nature, kind, character and estimated cost
of such proposed improvement may be changed by the said
board at the public consideration thereof, etc. After the
public hearing, if the proposed improvement be not aban-
doned, the board of local improvements is required to pre-
pare an ordinance to be submitted to the city council. The
ordinance shall prescribe the nature, character, locality and
description of such improvement, and provide whether the
same shall be made wholly or in part by special assessment
or special taxation of contiguous property, and if in part
only, it shall so state. The requirements above set out are
found in sections 7 and 8 of the Local Improvement act.
(Hurd's Stat. p. 406.) Section 9 of the statute provides
that with such ordinance the board shall present to the city

council its recommendation of such improvement, signed by at least a majority of the members of said board, and by the statute the recommendation of said board is made *prima facie* evidence that all of the preliminary requirements of the law have been complied with, and if a variance be shown in the proceedings in the court it shall not affect the validity of the proceeding, "unless the court shall deem the same willful or substantial." Section 10 requires that the board shall also present with the ordinance and recommendation to the city council "an estimate of the cost of such improvement, as originally contemplated, or as changed, altered or modified at the public hearing, itemized so far as the board of local improvements shall think necessary, over the signature of the engineer of the board, if there be one; if not, then the president of said board, who shall certify that, in his opinion, the said estimate does not exceed the probable cost of the improvement proposed, and the lawful expense attending the same."

The foregoing are all the provisions of the statute that have any bearing upon the question under consideration. It will be observed that the statute makes no provision requiring that the estimate shall contain a detailed statement of the amount or character of material that will be necessary to complete the improvement. It is no part of the estimating engineer's duty to determine the character of material that will be necessary for the improvement, but it is his business merely to estimate the cost of the improvement that is described in the resolution. The only requirement, in so far as the estimate is concerned, is that it shall be itemized to the satisfaction of the board of local improvements. In construing this statute, this court, in *Hulbert v. City of Chicago*, 213 Ill. 452, held that the engineer's estimate of the cost of an improvement is sufficiently itemized, so far as the property owners are concerned, if it is sufficiently specific to give them a general idea of the estimated cost of the substantial component elements of the

improvement.    This construction of the statute was adhered to in *Connecticut Mutual Life Ins. Co.* v. *City of Chicago,* 217 Ill. 352, and there are other cases, both before
and since these decisions were rendered, in line with them.
In the *Hulbert case* the estimate of the engineer was objected to as not being sufficiently itemized.    The estimate
was, "adjustment of sewers, catch-basins and man-holes,
$1139.30," and in the *Connecticut Mutual Life Ins. Co.*
*case* the estimate of the engineer, which was objected to for
the same reason, was as follows: "adjustment of sewers,
catch-basins and man-holes, and constructing four new
catch-basins, $1455." In both of these cases the objection
was overruled, and that ruling was affirmed by this court.
In *City of Chicago* v. *Gage,* 237 Ill. 328, the estimate was,
"constructing one new catch-basin, at $50." In that case
the estimate was objected to because it did not mention that
the catch-basin was to be constructed of brick on a two-
inch pine-plank floor, connected with the sewer by a nine-
inch tile pipe and a Y-branch trapped with a half trap and
provided with a cast-iron cover.    These specifications were
in the ordinance but were not mentioned in the estimate.
In that case this court, on page 331, said: "The estimate
states that it includes labor and materials, and contains an
item for 'adjusting of sewers, catch-basins and man-holes,
$485.' It is not necessary for the estimate to set out in
minute detail all the separate items of material and labor
which go into the improvement.    Only the substantial component elements of the improvement are required to be
placed in separate items,"—citing *Village of Oak Park* v.
*Galt,* 231 Ill. 482, and *Chicago and Western Indiana Railroad Co.* v. *City of Chicago,* 230 id. 9. We are unable to
distinguish the above cases from the case at bar.

Appellant insists that a different rule was announced in
*Doran* v. *City of Murphysboro,* 225 Ill. 514.    A careful
reading of the *Doran case* will clearly show that there was
no purpose on the part of this court to overrule or in any

way modify the *Hulbert* and *Connecticut Mutual Life Ins.
Co. cases.* Both those cases are cited and commented on in
the *Doran case.* One of the items of the estimate under
criticism in the *Doran case* was, "570 lineal feet street gut-
ter crossings, at $6.50, $3705." This was held to be inac-
curate, insufficient and uncertain, and an objection raising
these points was held to be well taken. There may be some
language found in the reasoning of the court in the *Doran
case* from which it might be understood that the court in-
tended to lay down the rule that it was necessary, in the
estimate of the engineer, to state the particular kind and
amount of material that was to enter into the proposed im-
provement, but that case should not be so understood. The
court has no disposition to depart from the rule laid down
in the *Hulbert case* and others in line with it on this sub-
ject. Under this rule appellant's first objection was prop-
erly overruled.

*Second*—Appellant's second assignment of error in ef-
fect is, that the estimate for "adjusting sewer man-holes
and catch-basins and constructing and connecting catch-
basin inlets" is unreasonable and excessive. Basing the
argument upon the estimate of the cost of the six new
catch-basins mentioned in the first objection, the appellant
argues that the estimate in this item is excessive. Some
latitude must be allowed for the variation between the es-
timated cost of an improvement and the actual cost. The
most careful estimates will generally prove either too low
or too high. (*City of Chicago* v. *Noonan,* 210 Ill. 18;
*City of Nokomis* v. *Zepp,* 246 id. 159; *City of Chicago* v.
*Davis,* 253 id. 404.) In the last case above cited it was
held that to compel the city, when objections are made on
the ground that estimates are excessive, to go into a hear-
ing respecting the price of labor and material and the vari-
ous conditions which might enhance or lessen the cost of
the improvement, would be to construe the Local Improve-
ment statute in a way not contemplated by the legislature

and lead to much vexatious and unnecessary litigation. It was there further held that in the absence of fraud or mistake on the part of those appointed by law to estimate the cost of the improvement, the property owner cannot interpose as a defense that the actual cost would be less than the estimated cost. The appellant has not proven, nor attempted to prove, that the estimated cost of the item under consideration was excessive, and in the absence of clear proof the presumption must be indulged that the estimating engineer has neither committed a mistake nor acted fraudulently in making the estimate. (*City of Chicago* v. *MacChesney,* 240 Ill. 174.) This objection is untenable and was properly overruled.

*Third*—The third error assigned is, that there is no provision made for the removal of obstructions necessary to be removed in order to make the improvement, and this contention is based upon the fact that on a part of the street there is a row of telegraph poles about halfway between the south rail of the street railway track and the south curve, and that that part of the highway is covered with grass and underbrush, the street not having previously been paved. The removal of the grass and underbrush is included in the grading, which is provided for in the estimate and in the ordinance. As to the telegraph poles, there is nothing to show whether they are rightfully in the street or not or that any expense will be necessarily incurred in their removal. The city has power to require the corporation owning said poles to remove them without cost to the city. At least nothing appears in this record showing that the city has in any way estopped itself, by contract or otherwise, to compel the removal of these poles. The third assignment of error cannot be sustained.

Finding no error in the record the judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*