(No. 14463.—Judgment affirmed.)

CARROLL E. PATTON *et al.* Appellants, *vs.* THE VILLAGE OF PALESTINE, Appellee.

*Opinion filed October 21, 1922.*

1. SPECIAL ASSESSMENTS—*when estimate is sufficiently itemized.* It is not necessary for the estimate to set out in minute detail all the separate items of material and labor which go into an improvement, but the estimate is sufficiently itemized if the substantial component elements of the improvement are placed in separate items.

2. SAME—*when the protection plates and catch-basins are sufficiently described.* The estimate of the cost of a concrete paving improvement need contain only a general description of the protection plates and the cost, and neither the resolution nor the estimate is required to contain a minute description of catch-basins.

3. SAME—*what items need not be itemized separately in concrete paving improvement.* The estimate of the cost of a concrete paving improvement need not set out in separate items the cost of the steel-mesh fabric re-inforcement and the expansion joints, as such elements are a part of the item for the re-inforced concrete.

4. SAME—*resolution and estimate need not give length of blocks of concrete curb.* The resolution and estimate in a concrete paving improvement need not give the lengths of the separate blocks of the concrete curb where the entire length of the curb is given in lineal feet.

APPEAL from the County Court of Crawford county; the Hon. JOHN C. MAXWELL, Judge, presiding.

CHARLES H. HOLT, and PARKER & COX, for appellants.

WESNER & WESNER, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On October 6, 1921, appellants, Carroll E. Patton and eight others interested and affected by the improvement, filed their objections to the confirmation of the assessment roll in a certain proceeding for a local improvement for the village of Palestine and their motion to dismiss the petition to confirm the assessment roll for want of jurisdiction of the subject matter by the court. The court overruled the objections of appellants and their motion to dismiss, confirmed the assessment roll as filed and entered judgment against their property, and this appeal is to review that judgment.

The first two objections of appellants are to the effect that the protection plates and the combination catch-basins and inlets provided for in the improvement were not sufficiently described in any of the resolutions of the board of local improvements, or in the estimate for said improvement, so that a property owner could therefrom get an intelligent idea of the true extent and character of the improvement and the dimensions and styles of the plates and catch-basins to be used or the cost thereof. The steel protection plates are described in the estimate as "395 lineal feet of soft-steel protection plate, complete in place at $0.20 per lineal foot, $79." The resolution also provided "that 14 combination inlets and catch-basins three feet internal diameter, surrounded with brick walls, shall be constructed and located as follows," and the resolution then proceeds to definitely locate every catch-basin. The contention is that the description of the protection plates does not give any intelligent information of the size, weight, thickness or length of the plates or the propriety of their use in the improvement. In so far as the estimate is concerned, the statute on local improvements only requires that the im-

provement shall be itemized to the satisfaction of the board of local improvements.   In construing this statute this court in *Hulbert* v. *City of Chicago,* 213 Ill. 452, held that the estimate of the cost of the improvement is sufficiently itemized, so far as the property owners are concerned, if it is sufficiently specific to give them a general idea of the estimated cost of the substantial elements of the improvement. It is not necessary for the estimate to set out in minute detail all the separate items of material and labor which go into the improvement.   Only the substantial component elements of the improvement are required to be placed in separate items.   (*Village of Oak Park* v. *Galt,* 231 Ill. 482; *Chicago and Western Indiana Railroad Co.* v. *City of Chicago,* 230 id. 9; *Connecticut Mutual Life Ins. Co.* v. *City of Chicago,* 217 id. 352.)   The estimate states the number of lineal feet, a general description of the protection plates and the cost, and that is sufficient and all that is required for such an item.   The cost of the protection plates to each of appellants is very little more than one dollar, and this court has ruled that it will not declare void an ordinance for an improvement where an item complained of is trifling when compared with the entire cost of the improvement,— in this case $53,505.

What has already been said with reference to the first objection is in the main equally applicable to the second objection of appellants.   Where the description of catch-basins in the original resolution and estimate has been before this court it has been held that a minute description of them is not necessary in the resolution.   Some cases have gone to the extent of holding that it is not even necessary to mention the catch-basins at all in the original resolution but that such details were to be worked out in the ordinance.   This court has held as sufficient, descriptions of catch-basins with much less detail than the description objected to in this case. (*City of Chicago* v. *Underwood,* 258 Ill. 116; *Lanphere* v. *City of Chicago,* 212 id. 440; *Walker* v. *City of Chicago,*

*202* id. 531; *Gage v. City of Chicago,* 225 id. 218.)  The court properly overruled both of these objections.

The third and fourth objections are that the steel-mesh fabric re-inforcement and the expansion joint and joint-filler provided for in the improvement are distinct, separate and component parts of the improvement and should have been separately itemized in the estimate, and that they are not sufficiently described either in the resolution of the board of local improvements or in the estimate for said improvement. These contentions cannot be sustained. The steel-mesh fabric re-inforcement was a part of the re-inforced concrete described in the estimate and resolution and was not a component part of the improvement. The statute does not require that the resolution shall give a complete description of the improvement, but only "the extent, nature, kind, character and estimated cost" thereof. It is generally understood that a concrete pavement must contain an expansion joint in order to withstand the changes of temperature. The expansion joints and the joint-filler are as much a part of a concrete pavement as the sand, gravel or cement contained therein. · A general description and the cost of the concrete slab are all that is required to be contained in the resolution and estimate. That was given in the following language: "12,122 square yards of Portland cement concrete pavement, re-inforced with steel-mesh fabric re-inforcement, eight inches thick at the center and seven inches thick at the sides, composed of one part Portland cement, two parts sand and three parts broken stone or screened gravel, with one-quarter-inch prepared expansion joints between the curb and the pavement, and one-quarter-inch prepared transverse expansion joints forty feet apart, complete in place at $3.60 per square yard, $43,639.20."

The fifth objection is that the length of the blocks of the concrete curb is not given in the original resolution and estimate. The description of the curb in the estimate

is: "7514 lineal feet of Portland cement concrete curb, composed of one part Portland cement, two parts sand and four parts broken stone or screened gravel, complete in place at $0.70 per lineal foot, $5259.80." It was of no importance to the property owners to know the length of the blocks of the concrete curb. The Local Improvement act contemplates that no such minute details shall be given when they are of no special value to anyone in estimating the cost or propriety of an improvement. The concrete curb was sufficiently described in this language: "7514 lineal feet of Portland cement concrete curb, composed of one part Portland cement, two parts sand and four parts broken stone or screened gravel, complete in place at $0.70 per lineal foot, $5259.80."

The basis of appellants' motion to dismiss for want of jurisdiction is founded upon the objections already discussed and passed on. As the objections are overruled the motion likewise falls with the objections.

The final contention of appellants is that the court allowed an expert witness to testify that certain terms used in the specifications have a well known trade meaning. This evidence was offered with reference to the terms "steel-mesh fabric re-inforcement" and "one-quarter-inch prepared expansion joints," found in the description of the concrete slab, and also with reference to the terms used in describing the soft-steel protection plates aforesaid, and was offered for the purpose of showing that no further description was necessary to give anyone well versed in the meaning of those terms a full understanding of their description and cost. Such evidence is admissible for such purpose in certain cases. It was not necessary in this case, but its introduction did not in any way prejudice appellants.

For the foregoing reasons the judgment of the county court is affirmed.                    *Judgment affirmed.*